351 So.2d 777 (1977)
FRANK BRIGTSEN, INC.
v.
ALPHA BUILDERS, INC. & Charles Foster.
No. 8529.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
Cronvich & Wambsgans, Metairie, Kenneth V. Ward, Jr., New Orleans, for plaintiff-appellee.
Scariano & McCranie, George Scariano, Metairie, for defendants-appellants.
Before SAMUEL, LEMMON and BEER, JJ.
LEMMON, Judge.
This is a suit on an open account against Alpha Builders, Inc. and Charles Foster, who owned 50% of the stock in the corporation. The trial court rendered judgment holding the defendants liable in solido for the account balance. Foster has appealed.
The issue on appeal is whether the evidence is sufficient to hold Foster liable for the debt, either by contracting the debt individually or by becoming a surety on the debt contracted by the corporation.
The invoices, reflecting a series of sales of building materials, are not in the record, but plaintiff's manager testified that, according to the invoices, the materials were sold and delivered to Alpha Builders, Inc. He further testified that Foster "requested that they (the materials) be sold to Alpha Builders, Inc.", but that, because of a credit statement completed and executed by Foster, he was under the impression that Foster was to be responsible for the debt.
A creditor suing on an open account has the burden of proving that the defendant, alleged to be the debtor, contracted for the sales on open account. In the present case there is no specific testimony that Foster ordered the particular materials or was in any way connected with the particular purchases at issue. Indeed, plaintiff's procedure of addressing invoices and Foster's testimony that the materials were ordered by an employee of the corporation indicate that Alpha Builders, Inc. purchased the materials involved in these sales. Moreover, there was no evidence *778 whatsoever of an account in the name of Charles Foster. We therefore conclude plaintiff failed to prove Foster was liable on the debt as purchaser of the materials.[1]
As to Foster's liability as surety for the debtor, plaintiff argues that credit was extended on the basis of the following document completed and signed by Foster:

*779 
This argument essentially asserts that Foster was liable as surety for the debt incurred by Alpha Builders, Inc. However, suretyship cannot be presumed, but must be expressed. C.C. art. 3039. Nowhere in the document does Foster expressly bind himself to satisfy the obligation of Alpha Builders, Inc. Foster therefore cannot be held liable as surety for the debtor.
Accordingly, the judgment of the trial court as to Charles Foster is reversed, and it is now ordered that the suit against Charles Foster be dismissed. Each party is to bear his own costs in both courts.
REVERSED AND RENDERED.
NOTES
[1] This case does not present the frequently occurring problem of a corporate agent failing to disclose his representative status to a seller who is otherwise unaware that the other contracting party is a corporation. Here, the seller was well aware that the purchaser was a corporation and addressed the invoices to the corporation at the request of the corporate agent.