STOULIG, Judge.
Plaintiff, Donald M. Clement Contractor, Inc., filed suit on a promissory note against Demon, Inc. (Demon), and Thomas D. Parrish, III (Parrish), seeking recovery of the principal sum of $7,500 plus stipulated interest and attorney fees. The exception of no cause of action filed by Parrish individually against the plaintiff’s demand was maintained by the trial court. Plaintiff has appealed.
The note is reproduced to show the manner in which it was executed by the maker:

*206

R.S. 10:3-401 and 10:3-403 relieve Parrish individually from any liability in this suit on a negotiable instrument. We quote:
“(1) No person is liable on an instrument unless his signature appears thereon.
“(2) A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used m lieu of a written signature.” R.S. 10:3-401.
and
“(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
“(2) An authorized representative who signs his own name to an instrument
(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity * * .” R.S. 10:3-4:03
We find no ambiguity in the signature of the maker (even though the word “individually” is typed on the face of the instrument) that would render Parrish liable. R.S. 10:3-402 requires that an instrument clearly indicate a signature be made in a representative capacity if the individual signatory is to be relieved from personal liability. We hold the handwritten designation “President” on the “Individually” line sets forth Parrish’s act as one executed by an official of the corporation.
In addition to alleging the solidary liability of Demon, Inc., and Parrish on the basis of the note, plaintiff made other allegations that it insists entitles it to pierce the corporate veil and reach its president Parrish individually. Appellant correctly points out that for the purpose of adjudicating an exception of no cause of action, the court must accept as true all well-pleaded allegations of fact. LSA-C.C.P. art. 931; Pence v. Ketchum, 326 So.2d 831 (La.1976).
In the original petition plaintiff alleged that (1) “* * * the individual defendant herein has identical business objects and purposes * * * and * * * [Parrish] has used the corporate form primarily for the purpose of promoting his own individual business interests” and (2) petitioner furnished the loan on the belief “* * * both defendants were to be liable * * * in solido * * *."
*207 In the supplemental petition, plaintiff avers, inter alia, Parrish is the sole officer of Demon, the majority stockholder, and its alter ego. It further asserts Parrish has never capitalized Demon and has used the corporation for the conducting of the individual business interest of Parrish.
The conclusion plaintiff would have us draw from these allegations is that Parrish perpetrated a fraud in obtaining these funds for which the note was given. LSA-C.C. art. 1847 specifies that fraud, as applied to contracts, is the cause of an error relating to a material part of the agreement wherein the perpetrator has procured the consent of the other contracting party by artifice. Unless the word “Individually” was added to the note after it was signed by Parrish (and we do not think this is the case), it is apparent that the payee contemplated having Parrish sign individually as well as in his corporate capacity as Demon’s president. The fact that Parrish inserted the word “President” on the “Individually” line indicates he did not accede to assuming individual liability when the loan was signed.
The note on its face evidences a corporate debt. Plaintiff has alleged:
“* * * [I]t furnished the loan herein sued on under the belief that both defendants were to be liable thereon in solido and that such belief was reasonable under the circumstances and resulting from the representations made by the defendant, Thomas D. Parrish, III.”
Had plaintiff intended to hold Parrish soli-darily liable with Demon, it was necessary for its agent to have Parrish sign in his individual capacity as a co-maker or an endorser. If there was any error in executing the note upon which this suit is based or the conclusion of legal liability drawn from its execution, it is an error of law, LSA-C.C. art. 1822. Under the circumstances, we think the error here is insufficient to reform the note to extend liability to Parrish individually. LSA-C.C. art. 1823 points out that not every error will invalidate a contract, but only those relating to the principal cause for entering into the
contract — motive, persons or subject matter. As the Supreme Court pointed out in Ardoin v. Central Louisiana Electric Company, Inc., 318 So.2d 5 (1975), a contract cannot be reformed when the intent of the parties is evident and lawful. LSA-C.C. art. 1963.
Plaintiff’s contention that we should apply the alter ego doctrine and hold Parrish personally liable is without merit. The obligation upon which this suit is based is a promissory note of the defendant corporation. Plaintiff has failed to allege fraud in its confection. Knowing that it was contracting with the corporation, if it intended to bind Parrish personally on the corporate obligation, the plaintiff should have insisted on his individual endorsement at the time of the execution of the note. Failure to do so is in essence a waiver of the requirement of personal endorsement. Plaintiff cannot now be heard to urge a piercing of the corporate veil to overcome this omission and achieve the result it seeks. Absent fraud, the relationship between the defendants is of no consequence, as it bears upon the issue of liability of the parties on the instrument. Cases cited by appellant in support of its contention are not apposite of the situation in this matter.
We therefore conclude that the Commercial Laws (R.S. 10:1-101 et seq.) preclude plaintiff’s action against Parrish individually and the pleadings and attachment do not warrant our holding that plaintiff has alleged fraud that would permit reform of the note or expansion of its provisions.
We are aware of the fact that the judgment of the trial court maintaining the exception of no cause of action granted plaintiff “30 days in which to amend his original petition” but did not order a dismissal of the suit against Parrish in the event of its failure to do so. Plaintiff perfected a devolutive appeal within the 30-day period, thereby indicating its intention not to amend or supplement its petition. Rather than remand this matter for the purpose of having the trial court include the dismissal penalty, in the interest of judicial economy we have elected to exercise the *208 authority vested in this court by LSA-C. C.P. art. 2164 and have rendered judgment based upon the record on appeal.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.