363 So.2d 950 (1978)
John P. CHAVERS, Plaintiff-Appellee,
v.
KURY CONSTRUCTION COMPANY, Defendant-Appellant.
No. 6626.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for defendant-appellant.
Everett & Everett by Charles T. Everett, Crowley, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.
Plaintiff, John P. Chavers, brought this suit against defendant, Kury Construction Company, alleged to be a Louisiana corporation, seeking: cancellation of a construction contract; a mandatory injunction commanding Kury to remove a concrete slab installed on Chavers' property; and the sum of $3,942.65 as damages.
*951 Chavers alleged that he entered into a contract with Kury Construction Company for the construction of a residence on a lot in "Acadian Acres," a subdivision near Crowley, Louisiana, and, because defendant Kury laid a concrete slab on the lot in violation of a building restriction requiring dwellings to be placed at least 50 feet from the front property line[1], Rayne Building & Loan Association denied Chavers a loan.
A default judgment was confirmed on January 3, 1978. The judgment issues a permanent injunction ordering defendant to remove the concrete slab on plaintiff's lot[2]; decrees that defendant be liable for "any damages" by virtue of a certain laborer's and materialman's lien[3]; and nullifies "any contract between plaintiff and defendant. . ." for the construction of the residence. Defendant Kury has appealed.
The proof required for a confirmation of default is provided by LSA-C.C.P. art. 1702:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. * * *"
The record does not reveal whether the contract between the parties was oral or written. If reduced to writing, the writing itself is the required proof. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). If oral, the proof sufficient to establish a prima facie case must meet the specific requirements for proving verbal contracts. Dodd v. Schell, 207 So.2d 807 (La.App. 4 Cir. 1968).
LSA-C.C. art. 2277 provides as follows:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
The only evidence presented at the confirmation hearing was plaintiff's testimony, together with copies of a lien filed by Pauline Lumber Company, Inc., and the restrictions on the lot.
A plaintiff may fulfill the requirement of one credible witness, and the phrase "other corroborating circumstances" in Article 2277 does not require independent proof of every detail of a witness' testimony. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La. 1977). However, in the instant case, the evidence does not furnish a basis for the trial court's finding that a contract existed between plaintiff and defendant. Kury Construction Company was not mentioned in plaintiff's testimony. During direct examination, plaintiff was asked:
"Q. Did you ever talk to Mr. Jack Kury about building a house?
"A. I only took a paper from the Homestead saying I could require the loan providing that he would build the house to specifications without making any changes in putting up the house." (TR. 22).
This testimony is insufficient to establish a contractual relationship between plaintiff and Kury Construction Company, and there is no corroborating evidence to prove such a contract.
It is therefore ordered that the judgment of the trial court be annulled and set aside. This case is remanded for a new trial in accord with the views expressed herein.
Costs of the appeal are taxed against plaintiff.
JUDGMENT ANNULLED: CASE REMANDED.
NOTES
[1] According to Chavers' testimony, the concrete slab was placed 38 feet from the front property line.
[2] We express no opinion on the provisions of the judgment entered by the trial court since the judgment is being set aside. See LSA-C.C.P. art. 3601.
[3] See footnote (2) above.