377 So.2d 532 (1979)
VILLE PLATTE CONCRETE SERVICE, INC., Plaintiff-Appellee,
v.
The WESTERN CASUALTY & SURETY COMPANY et al., Defendants-Appellants.
No. 7202.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*533 Franklin, Moore & Walsh, Ray C. Dawson, Baton Rouge, for defendants-appellants.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
A. Bruce Rozas, Mamou, for defendant-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff, Ville Platte Concrete Service, Inc., brought suit against defendants, the Evangeline Parish Police Jury, B. J. Gauthier, Inc., and the Western Casualty & Surety Company, hereafter Western, seeking an alleged sum due and owing for goods and services rendered pursuant to an alleged oral contract and additionally, an award of attorney's fees.
The alleged oral contract purportedly covers labor, materials and equipment allegedly provided by plaintiff to defendants for the construction of the parking lot and landscaping of the Evangeline Parish Courthouse Square in Ville Platte, during February and March of 1978. The alleged balance due on said oral contract was $7,934.75.
Upon Western's failure to answer or file other responsive pleadings to its petition plaintiff entered a preliminary judgment of default against the defendant on February 28, 1979. Default judgment was confirmed March 5, 1979 in favor of plaintiff and against the defendant, Western, for the sum of $7,934.25 on the main demand and $2,650.00 in attorney's fees.[1] Western has appealed and plaintiff has answered requesting an increase in attorney's fees.
Western makes the following specifications of error:
(1) The court erroneously confirmed the default judgment on legally insufficient evidence;
(2) The proof adduced with respect to the amount claimed was insufficient to sustain the judgment; and,
(3) Assuming, arguendo, that the amounts awarded were proper, the court clearly erred in the award of attorney's fees.
In support of the first specification of error, Western initially cites the failure of plaintiff to offer, introduce, or file into evidence the petition, citation and return on service of process. While such a practice is customary in confirmation of default judgment, there is no law requiring that, in confirming a default, the citation and the return of the sheriff thereon should be formally offered in evidence. The citation and the return thereon are in the record and were evidently before the trial judge on the confirmation of the default. See Stout v. Henderson, 157 La. 169, 102 So. 193 (1924).
The same is equally true of the petition. The petition is simply a written document which the plaintiff addresses to a competent judge, setting forth the cause of action which he intends to bring against the defendant, and praying to be permitted to cite that defendant before him, in order that he may be ordered to do or to give a certain thing. It must contain a clear and concise statement of the object of the demand and of the material facts upon which the cause of action is based. See LSA-C. C.P. Art. 891; State v. American Sugar Refining Co., 138 La. 1005, 71 So. 137 (1916). The petition of the plaintiff additionally serves as a blueprint which illustrates the material elements intended to be proved at trial to build and support his case.
*534 Defendant's most serious contention in regard to its first specification of error concerns whether the judgment against it was confirmed on legally insufficient evidence.
The proof required for a confirmation of default is the subject of LSA-C.C.P. Article 1702, which provides:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.

When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required."
Plaintiff averred in his petition that there was no written contract between himself and defendant. Accordingly, the proof sufficient to establish a prima facie case must meet the specific requirements for proving verbal contracts. Chavers v. Kury Const. Co., 363 So.2d 950 (La.App. 3rd Cir. 1978). LSA-C.C. Article 2277 provides as follows:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
Since the alleged contract here involves more than five hundred dollars, the proof components are one credible witness and other corroborating circumstances.
A plaintiff may satisfy the requirement of one credible witness, and the phrase "other corroborating circumstances" in Article 2277 means general corroboration. Independent proof of every detail of the witness's testimony is not required. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977).
In the present suit at the trial on confirmation, three witnesses gave testimony on behalf of plaintiff: plaintiff's president and general manager, E. J. Deville; plaintiff's attorney; and plaintiff's attorney's secretary. The only exhibit introduced into evidence was P-1 in globo, consisting of three certified mail return receipts, which ostensibly corroborate the secretary's testimony as to the mailing of certain certified copies of liens and copies of invoices to the police jury, B. J. Gauthier, Inc., and Western.
The only evidence adduced concerning the main demand, i. e., the alleged indebtedness of Western to plaintiff pursuant to an oral contract was the testimony of E. J. Deville.
The only part of Mr. Deville's testimony which suggests a contractual link between plaintiff and Western is as follows:
"Q. Were you retained by the Police Jury to do work here on the new Courthouse and more particularly the parking area?
A. Well, by the bonding company and B. J. Gauthier.
Q. I mean for the Police Jury, for the Evangeline Parish Police Jury Project?
A. Yes." (Tr. pg. 47)
Such testimony above is the only evidence presented at the trial for confirmation of default adduced to show Western's alleged obligation to plaintiff by reason of an alleged oral contract. Nothing was introduced to corroborate this testimony. We conclude that such testimony and the evidence as a whole does not meet the requirement of proof set forth by LSA-C. C.P. Article 1702 and LSA-C.C. Article 2277 and fails to establish any contractual relationship between plaintiff and defendant, Western.
In appellate brief, plaintiff asserts it alleged and proved certain open accounts owed to it by the defendant. The record indicates otherwise. Plaintiff's petition is styled "Petition to Recognize and Maintain Labor and Materialman's Lien" in which *535 plaintiff prayed to recover a certain sum ($7,934.75) owed to him by defendants for his performance pursuant to an oral construction contract. Nonetheless, considering plaintiff's petition to constitute an action on an open account, the plaintiff still bears the burden of establishing the right to his demand at confirmation of default. LSA-C.C.P. Article 1702.
A creditor suing on an open account has the burden of proving that the defendant, alleged to be the debtor, contracted for the sales on open account. Frank Brigsten, Inc. v. Alpha Builders, Inc., 351 So.2d 777 (La.App. 1st Cir. 1977).
In the present case there is no specific testimony that Western ordered the goods and services at issue or was in any way connected with the ordering of same. No itemized statement of account was introduced at trial. Invoices which were the subject of testimony were never introduced into evidence. These same alleged invoices form a part of the record, however, as they were attached to plaintiff's petition, and reflect that certain goods and services were sold to B. J. Gauthier, Inc., and delivered to the "courthouse job". Nowhere thereon appears the name of Western, nor was there testimony or any document introduced to suggest that Western was responsible directly or as surety for obligations contracted by B. J. Gauthier, Inc.
As aforestated, the elements of proof are set by LSA-C.C.P. Article 1702 and LSA-C.C. Article 2277. A default judgment rendered without proof of a demand sufficient to establish a prima facie case must be set aside. Also, there exists no presumption that the trial court judgment was rendered on sufficient evidence when the testimony is taken down and a transcript of that testimony is in the record, as in the instant case. Acme Poster Advertising Co. v. State, Etc., 352 So.2d 397 (La.App. 3rd Cir. 1977).
It is our conclusion that the evidence adduced at confirmation of default judgment falls considerably short of proving a prima facie case of Western's indebtedness to plaintiff. The default judgment appealed from thus must be reversed and the case remanded to the trial court. Due to this conclusion we find it unnecessary to consider Western's other specifications of error or plaintiff's answer concerning attorney's fees.
For the reasons assigned the judgment appealed from is reversed and the case is remanded to the trial court for further proceedings in accordance with law. The costs of this appeal are assessed to plaintiff, Ville Platte Concrete Service. All other costs are to be assessed by the trial court in subsequent proceedings.
REVERSED AND REMANDED.
NOTES
[1] The Evangeline Parish Police Jury timely answered the petition of plaintiff. Although B. J. Gauthier, Inc. filed no responsive pleadings plaintiff has not sought confirmation of judgment against this defendant. One day following confirmation judgment, i. e., March 6, 1979, Western filed its answer.