380 So.2d 714 (1980)
BRICKS UNLIMITED, INC.
v.
LEMOINE HOMES, INC.
Nos. 10693, 10694.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1980.
Emile J. Dreuil, Jr., New Orleans, for Gladney J. Lemoine, Jr., defendant-appellant.
Satterlee, Mestayer & Freeman, by Henry F. Mestayer, New Orleans, Atty. of Record for Bricks Unlimited, Inc., plaintiff-appellee.
SAMUEL, BOUTALL and GARRISON, JJ.
*715 BOUTALL, Judge.
These two cases were consolidated on trial and consolidated on this appeal. They have identical issues. Bricks Unlimited, Inc. brought these suits against Lemoine Homes, Inc. and its President, Gladney J. Lemoine, Jr. personally, for the contract price of masonry work done for the corporation. The trial court rendered judgment against both defendants. Gladney J. Lemoine, Jr. only appeals that part of the judgment which is against him personally.
On April 22, 1977, plaintiffs entered into two contracts with Lemoine Homes, Inc. to furnish bricks and brick work necessary for two homes that the corporation was constructing. Lemoine's signature appears on the proposals as accepting for the corporation. The corporation did not pay and suit was brought against both the corporation and Lemoine personally. It is contended that Lemoine's liability is based upon a credit application and agreement which he had filed with the plaintiff on September 18, 1975, and that this agreement makes Lemoine a guarantor of the credit extended to the corporation and responsible for attorney's fees for its collection.
Louisiana Civil Code Article 3039 provides that suretyship cannot be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract. The credit application is solely in the name of Gladney J. Lemoine, J. and nowhere in the document is there any mention of the corporation. The major obligation of the application provides only to "my account" and not to any other.[1] Conversely, the contract for the brick work is solely in the name of Lemoine Homes, Inc., and contains nothing in it which would provide for the personal liability of Lemoine.
One of defendant's officers testified that originally Bricks Unlimited had received this credit application from Lemoine because it was selling bricks to them. Later their contractual dealings became different and Bricks Unlimited contracted with Lemoine Homes, Inc. to not only furnish bricks but to do all of the brick work necessary, which he called a "turnkey job". He stated that plaintiff did not seek a credit application from the corporation because Lemoine had previously paid all of his bills. It is especially noteworthy that from the time of the change, there was no account carried for Lemoine but only for the corporation. Obviously, plaintiff was well aware that it was doing business with the corporation from that time forward and not with Lemoine personally. Although there are some factual differences, the principles announced in the case of Frank Brigsten, Inc. v. Alpha Builders Inc., 351 So.2d 777 (La. App. 4th Cir. 1977) are applicable to this case. The creditor had the burden of proving that the corporate agent was liable, and that the agent expressly bound himself in the credit application to satisfy the obligation of the corporate debtor. He could not be held liable as surety for corporate debtor, in light of Civil Code Article 3039 that suretyship cannot be presumed but must be expressed.
Accordingly, we conclude that there is no basis for the personal liability of Lemoine. That portion of the judgments appealed is reversed and there is now judgment in each case in favor of Gladney J. Lemoine, Jr. dismissing plaintiff's suits against him at plaintiff's cost.
REVERSED.
NOTES
[1] The agreement states the following:

"I agree that, in consideration of any extension of credit hereafter made, and in the event it becomes necessary to place my account in the hands of an attorney for collection, to pay a reasonable attorney's fee, which in no event shall be less than 24% of the balance due; I further agree that in the event my account becomes past due, to pay a service or handling charge of 1½% per month on the unpaid balance. I clearly understand that the foregoing information is given in order to obtain credit and that the foregoing information given, and no other, will be relied upon in granting same. I further agree to notify you of any change of my status, as propounded above, especially that status pertaining to my solvency."