CHIASSON, Judge.
• The only question raised on appeal is whether an officer of a corporation signing in a representative capacity is individually bound for the debts of the corporation on an open account.
Solar Supply, Inc. appeals the ruling of the trial court finding no personal liability on the part of Artie Air’s Vice-President, Gray Hodges, and dismissing him from plaintiff’s suit.
Suit was instituted by Solar Supply against the defendants, Artie Air and Gray Hodges, based on an open account Artie Air had with the plaintiff. Before the open account was started, Solar Supply required a credit application to be filled out. An application by Artie Air was completed by one of the plaintiff’s employees with Hodges signing at the bottom of the application. Immediately above Hodges’ signature appeared this language in pertinent part.
“I hereby understand and agree that should it become necessary to place this account for collection I shall personally obligate myself and my corporation, if any, to pay the entire amount due including twenty-five per cent (25%) collection and/or attorney’s fee, and all cost of collection, including court costs.
SIGNED s/S GRAY HODGES V. P.
TITLE”
Judgment was rendered against the corporation for the total amount due. Plaintiff makes no claim against this ruling but objects to the dismissal of Hodges by the trial court.
The trial court held the case of Donald M. Clement Contractor v. Demon, Inc., 364 So.2d 204 (La. App. 4th Cir. 1978), to be controlling in this matter. In that case a president of a corporation signed a promissory note qualifying his signature with the word, “president.” The Fourth Circuit found that La. R.S. 10:3 — 402 required a person’s signature to be made in a representative capacity if the individual signatory is to be relieved of personal liability.
Although that case is factually different from the present one, we find that the principle announced is controlling in this matter. Under the Clement, supra, decision the court was faced with a negotiable instrument. We are faced with a credit application filled out by a representative of a corporation. The last paragraph tries to create a continuing guaranty or a surety-ship on the part of one of the corporate officers.
We find that Hodges was only binding the corporation with his signature as Vice-President. Although the intention of the plaintiff may have been to bind a corporate officer individually, Hodges only signed in his representative capacity and not in an unqualified personal capacity.
This position is supported by the analogy to the Clement case and their-reliance on La. R.S. 10:3-402. Secondly, it is supported by the requirement that a surety agreement cannot be presumed but must be expressed. La. C.C. art. 3039. We cannot hold, therefore, that Hodges expressly agreed to be bound individually for the debts of the corporation by way of his qualified signature. See Livingston State Bank & Trust Co. v. Steel-Tek, Inc., 335 So.2d 482 (La. App. 1st Cir. 1976); Bricks Unlimited, Inc. v. Lemoine Homes, Inc., 380 So.2d 714 (La. App. 4th Cir. 1980); Frank Brigsten, Inc. v. Alpha Builders, Inc., 351 So.2d 777 (La. App. 4th Cir. 1977).
*926 For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.