GULOTTA, Judge.
Plaintiff appeals from the dismissal of its open account suit for the price of cattle allegedly sold and delivered to defendant. We affirm.
The arrangement was that defendant, a livestock dealer, purchased cattle from plaintiff indirectly through a “commission man” or “order buyer” employed to make purchases for him. The invoices bear the names of both the order buyer and Harvey Colomb, the actual purchaser. After the sale had been made, arrangements for delivery of the cattle were made by the purchaser.
Although several sales had been made between the parties without dispute, the invoice at issue in our case is for the sale of 14 head of cattle on September 26, 1978 in the amount of $3,608.63, The invoice indicates the sale was to “Mac-5 Harvey Co-lomb” and designates “Pete Adams” as the hauler.
According to Samuel Elfert, a Livestock Producers employee, “Mac-5” was an individual named Jesse Carland who bought the cattle for the defendant Colomb. Earlier invoices bearing the names “Mac-5” and “Colomb” were also introduced into evidence and Elfert stated that Colomb had paid them in full. Elfert had no receipt for delivery of the cattle signed by either Co-lomb or the trucker who hauled the animals after the sale. No individual known as “Mac-5” testified at trial.
Pete Adams, Jr., a trucker, testified that he had hauled the cattle to Slidell, but he did not know the exact destination or the owner. According to this witness, an individual named “Max Suarez” instructed him to bring the cattle to “Mr. Harvey’s place” in Slidell. Although Adams assumed that the place was Colomb’s and that Suarez worked for Colomb, he acknowledged that a meat packing company other than defendant’s place could have been the destination for delivery. Adams did state that he delivered these cattle to a Slidell packing company where he had delivered cattle for Co-lomb on seven or eight other occasions. However, Adams had no receipts to indicate who actually accepted or received the cattle.
Colomb stated that he neither ordered nor received the cattle and that “Mac-5” has never worked or bought cattle for him. According to Colomb, these cattle were delivered not to his barn but to the packing house of the Metro Meat Company in Slidell owned by Jesse Carland and employing Max Suarez. He did not ask Suarez to purchase cattle and did not speak to Adams concerning their delivery. As far as he knew, all cattle purchased by “Mac-5” were delivered to Metro Meat. Colomb had no records or cancelled checks concerning any commission paid to an order buyer in this case.
Well settled is the rule that a creditor suing on open account bears the burden of proving the defendant-debtor contracted for the sale on open account.[1] In our case, plaintiff simply failed to carry this burden. Livestock Producers’ version that the cattle were sold and delivered to defendant through the order-buyer “Mac-5” was disputed by defendant. Moreover, in the absence of delivery receipts, the truck driver’s testimony adds little, if anything, to support plaintiff’s version. Confronted with this factual dispute, we cannot say the trial judge’s credibility determination in favor of defendant is clearly wrong.
Accordingly, the judgment is affirmed.
AFFIRMED.

. Frank Brigsten, Inc, v. Alpha Builders, Inc., 351 So.2d 777 (La.App. 4th Cir. 1977); Ville Platte Concrete v. Western Cas. & Sun, 377 So.2d 532 (La.App. 3d Cir. 1979).