WATKINS, Judge.
This is an action on open account brought by American Express Incorporated against Arman V. Melikyan. Melikyan applied for summary judgment, which was granted, plaintiff’s action being dismissed with prejudice.
The facts available to us from the pleadings are scant. American Express filed an action on open account, alleging that Melik-yan owed American Express the sum of $3,417.19. Defendant filed a motion for summary judgment not supported by affidavits. American Express filed an affidavit which alleged that Melikyan and Lent, Inc. held a credit account with American Express, and that Melikyan had signed “as individual applicant” a credit card application styled “American Express Card Application — Corporate Account” which contained the following language:
“The undersigned hereby requests that an account be opened for the undersigned and Card(s) issued as indicated herein renewed and replaced until the undersigned gives notice to cease and in connection therewith authorizes the receipt and exchange of credit information. The undersigned agree(s) to be bound by the terms and conditions that accompany each Card (original renewal) or replacement unless he cuts the Card in half and returns both halves. The individual applicant and the company will be liable for all charges incurred with the Card and all supplementary Cards issued on the account and each supplementary applicant will be liable for all charges incurred with the supplementary Card jointly and severally with the holder of the basic Card as provided in such terms and conditions.”
In brief filed with this court, Melikyan argues that he did not sign the credit application in his individual capacity, but as corporate president of Lent, Inc., and hence, under Solar Supply, Inc. v. Artic Air, Inc., 400 So.2d 924 (La.App. 1st Cir. 1981), Melik-yan is free from personal liability. Solar Supply involved a suretyship agreement signed by a corporate officer who gave his corporate title opposite his signature. We held that in order for a corporate officer to be held individually liable, his signature must be unqualified.
However, there is no affidavit by defendant in the pleadings indicating that Melik-yan signed the credit application in any *487 capacity but, as we glean from plaintiff’s affidavit, “as individual applicant”. If Mel-ikyan had signed the credit application as corporate officer, he would be free from personal liability if we were to apply the holding in Solar Supply (a suretyship situation) to the present case. However, it is alleged in the affidavit filed by American Express that Melikyan signed the credit application “as individual applicant”, which would appear to mean “in his individual capacity”. In any event, we cannot be perfectly certain what the facts were either with regard to the liability of Lent, Inc. under the credit application or the individual undertaking of liability by Melikyan. Movant for summary judgment has the burden of affirmatively showing the absence of an issue as to a material fact and any doubt must be resolved against granting the motion for summary judgment. White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La.App. 1st Cir. 1981), writ denied 403 So.2d 68 (La.1981). Clearly, defendant Mel-ikyan failed to prove the existence of the facts necessary to show that Melikyan signed the credit application as corporate officer of Lent, Inc. or that Lent, Inc. was indeed in any way responsible for the debt. American Express is entitled to its day in court to prove its case.
The judgment of the trial court is reversed, and the case remanded, all costs to await a final determination of the matter.
REVERSED AND REMANDED.