434 So.2d 1159 (1983)
The AUDUBON STORE, INC.
v.
Romney SCHRIMSHER, d/b/a Schrimsher Services, Inc.
No. 82 CA 0877.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1160 Victor J. Versaggi, Krebs & Versaggi, Patterson, for plaintiff.
R. Scott Ramsey, Jr., McElroy & Ramsey, Ltd., Berwick, for defendant.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
This is a suit on an open account. Defendant, Romney Schrimsher, appeals a judgment rendering him individually liable for office furniture purchased from plaintiff, The Audubon Store, Inc. (Audubon). He contends that if any money is owed, it is owed by Schrimsher Services, Inc., a Louisiana corporation. We find the evidence clearly corroborates this conclusion. Accordingly, we reverse.
The record shows that Mr. Schrimsher approached plaintiff in reference to purchasing office furniture for Schrimsher Services, Inc. Special discount cards were authorized in the name of Mr. and Mrs. Romney Schrimsher. Discount cards were never issued to the corporation.
Subsequently, office furniture was purchased and delivered by Audubon to Schrimsher Services, Inc. Schrimsher Services received a minimum 25% discount on all items purchased from Audubon, although the discount cards were never used. Further, although Audubon policy required the delivery invoices to be signed by the consignee, the invoices in this instance, save one, were unsigned by anyone at Schrimsher Services. Audubon acknowledges this was done because Schrimsher Services is located directly across the Mall from Audubon.
Billing of the office furniture was sent to Schrimsher Services, Inc. by Mr. Schrimsher's request. The record also reflects that the invoices for the office furniture in question were made out in the name of Schrimsher Services, Inc. These invoices were addressed to and received by Schrimsher Services, Inc. at its business location at Inglewood Mall in Morgan City. Additionally, the collection letter from plaintiff's attorney on this account was addressed to Schrimsher Services, Inc., at its place of business.
The record also reflects that Mr. and Mrs. Schrimsher purchased furniture from Audubon for exclusive use in their residence. It is undisputed that this furniture was discounted and that the bills were sent to their residence and subsequently paid by them personally.
The only evidence which indicates that this debt might possibly be Mr. Schrimsher's individual debt is the 25% discount credited on the purchases. Mr. McGriff, president of Audubon, testified that this discount was granted to Mr. and Mrs. Schrimsher, not the corporation. He further stated that the bills were sent to the corporation at the request of Mr. Schrimsher but that this was not meant to relieve Mr. Schrimsher of individual liability. Mr. McGriff admits, however, that he did not convey to Mr. Schrimsher Audubon's intention to hold Mr. Schrimsher individually liable nor did Mr. McGriff have Mr. Schrimsher personally sign the purchase order.
Although there are some factual differences, the principles announced in Bricks Unlimited, Inc. v. LeMoine Homes, Inc., 380 So.2d 714 (La.App. 4th Cir.1980), are applicable to this case. The creditor has the burden of proving that the corporate agent was liable, and that the agent expressly bound himself to satisfy the obligation of the corporation. Mr. Schrimsher could not be held liable as surety for the corporate debt in light of L.S.A.-C.C. art. 3039 which states that suretyship cannot be *1161 presumed but must be expressed. We find that in the instant case, it was not expressed.
Accordingly, we find the trial court was clearly wrong in concluding that this was an individual debt. This debt resulted from the defendant's purchase of office furniture for his corporation. At the time of this purchase, he requested that invoices be billed to the corporation, to which plaintiff agreed. The plaintiff was well aware that Mr. Schrimsher was purchasing this furniture for use by the corporation and delivered the merchandise to it. We find this was a corporate debt. As such, Mr. Schrimsher cannot be held individually liable therefor.
Judgment of the trial court is hereby reversed. Appellee is to pay all costs.
REVERSED.