491 So.2d 1333 (1986)
LONE STAR INDUSTRIES, INC.
v.
AMERICAN CHEMICAL, INC. and Jimmie M. Strickland.
No. 85-CC-1362.
Supreme Court of Louisiana.
June 23, 1986.
*1334 Michael Fawer, Bradley Smolkin, Frank Nicotera, Fawer, Brian, Hardy & Zatzkis, New Orleans, for applicant.
John Wilkinson, Wilkinson & Wilkinson, New Orleans, for respondents.
DIXON, Chief Justice.
Both the basic statement of facts and the result set forth in the original majority opinion are correct. Defendant's application for rehearing was granted to reconsider the rationale supporting the original decision, 480 So.2d 730.
In her application for rehearing, defendant Kay Thomas Strickland urged the same position set forth in the dissent on original hearing: that former C.C. 2163 and 2166 governing imputation of payments by a debtor to several debts cannot apply in this case because there is actually only one debt involved, the judgment debt for $132,785.31. This argument has merit While there are two obligors liable for different portions of the judgment debt, there is in reality only one debt, and we agree after reconsideration that the articles on imputation of payments were intended to apply where several debts are owed by one debtor.
Mrs. Strickland also argues that C.C. 1794 governing solidary obligations should operate to permit application of the $62,678.94 she paid on behalf of American Chemical to relieve her solidary obligation by that amount. While C.C. 1794 would apply if the debtors in this case were both liable for the whole performance, it does not solve the problem here, since Mrs. Strickland is liable in solido for only a portion of American Chemical's total obligation. The problem is in determining which portion of the debt the payment should cover. Only then do the laws of solidarity apply.
The applicable law in this case is clear. The perceived difficulty in allocating the $62,678.94 payment is unraveled by a more detailed explanation of the facts and a closer scrutiny of the relationships between the parties in the context of debtor-creditor principles.
Lone Star originally filed suit against American Chemical and Jimmie Strickland, an employee of American Chemical. At that time, Mrs. Strickland had not yet been named as a defendant. American Chemical admitted indebtedness to Lone Star in the amount of $62,678.94, and was ordered to deposit this amount in the registry of the court on January 17, 1983, the first day of the trial, again, before Mrs. Strickland had been named defendant.
In an instrument dated January 18,1983, entitled "Pledge of Certificate of Deposit by Kay Thomas Strickland to the Clerk of Civil District Court for the Parish of Orleans, State of Louisiana," Mrs. Strickland, appearing in her capacity as President of American Chemical, acknowledged that American Chemical was indebted to Lone Star and bound herself to secure the prompt payment of any judgment against the corporation by pledging a certificate of deposit held in her name in the amount of $62,678.94. The court later ordered substitution of a certified check for the pledge of the certificate of deposit, and apparently Mrs. Strickland complied.
*1335 After completion of the trial, during which Mrs. Strickland had been added as a party defendant, judgment was rendered in March of 1983 against American Chemical in the principal amount of $132,785.31, and all claims against Mrs. Strickland were dismissed with prejudice. Lone Star took a devolutive appeal, but only as to the portion of the judgment dismissing Mrs. Strickland.
Arguing that the judgment of March 1983 was final as to American Chemical, who did not appeal on the issue of its liability, and that the appeal taken by Lone Star was devolutive and thus did not suspend the execution of the judgment, Lone Star moved to withdraw the funds deposited in the registry of the court. After a contradictory hearing the judge ordered these funds released in June of 1983. Although there is some dispute as to whether the funds were actually deposited in the registry of the court at all, both parties admit in their briefs that Lone Star did receive payment of $62,678.94 on June 15, 1983.
In November of 1984 the court of appeal affirmed the judgment against American Chemical, but reversed the decision of the trial court dismissing Mrs. Strickland, holding her liable in solido with the corporation for $100,000.00 plus interest for fraudulent conduct in obtaining delivery of the oil with a bad check for $100,000.00. The court of appeal ordered a remand on behalf of Lone Star to permit cross-examination of Mrs. Strickland to determine whether she should be held liable for more than this amount Lone Star never pursued the rehearing before the trial court American Chemical and Mrs. Strickland subsequently applied for writs to review the decision of the court of appeal before this court, in part on the issue of Mrs. Strickland's liability. This court denied writs on the liability aspect of this case on March 22, 1985.[1]
Consideration of the facts detailed above reveals the cause of the confusion in determining the allocation of the $62,678.94 paid to Lone Star in partial satisfaction of its judgment against American Chemical.
Mrs. Strickland is actually involved in this case in two capacities. She is both contractually bound as a surety, and legally bound as a judgment debtor. Prior to even being named as a defendant, Mrs. Strickland, as President of American Chemical, contractually bound herself to guarantee the payment of a judgment against American Chemical up to $62,678.94. Her intent is clear in the document dated January 18, 1983, where she agreed to pledge her personal funds contained in a certificate of deposit for $62,678.94. She became a surety for American Chemical, as she herself admits in her brief to this court, guaranteeing payment of any judgment against American Chemical up to that amount.
After rendition of the judgment against the insolvent corporation, Lone Star had every right to demand payment from the surety, and it appears that the $62,678.94 was indeed paid from the personal funds of Mrs. Strickland. As surety, her remedy lies in subrogation to the rights of Lone Star against the corporation to recover this amount.
Mrs. Strickland fulfilled her obligation as a surety prior to any decision that she was liable as a solidary codebtor with American Chemical for $100,000.00 of the judgment debt. Her relationship as debtor is wholly separate from her relationship as a surety; it is the relationships between the parties which must be evaluated. If two individuals had been involved, one as surety for American Chemical, and one a solidary codebtor with American Chemical, there would have been no confusion in the decision on allocation of the funds.
*1336 Mrs. Strickland, as surety for American Chemical, bound herself for the benefit of American Chemical and the creditor, Lone Star, not for her own individual benefit. She fulfilled her obligation as surety for American Chemical by paying a portion of the judgment debt against the corporation. This payment inures to the benefit of American Chemical and is applicable first to the portion of the debt for which American Chemical is solely liable, and only then to her obligation in solido. Mrs. Strickland may proceed against American Chemical for recovery of this amount in her capacity as surety.
This result is in accord with the final decision of the court of appeal, which limited her liability as a judgment debtor in solido to $100,000.00. In her capacity as judgment debtor, she is solidarily liable for payment of only $70,106.37 plus interest, after application of the payment she made in her capacity as surety.
Accordingly, for the reasons assigned above, the payment of $62,678.94 applies first to American Chemical, Inc's sole liability for $32,785.31, canceling it completely. The payment then reduces the solidary liability of American Chemical, Inc. and Kay Thomas Strickland for $100,000.00 by the remaining $29,893.63, leaving a balance of $70,106.37, plus interest and costs due from the defendants.
The judgment of the trial court is affirmed, at relator's cost.
MARCUS, J., dissents.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
When there are two or more solidary obligors for a single debt, payment by or on behalf of one of the obligors exonerates the others toward the obligee.[1] La.C.C. Art. 1794; see former La.C.C. Art. 2091. This rule should apply even if the obligors are not solidarily bound for the entirety of the single debt. Therefore, the payment of $100,000 on behalf of American Chemical (whether by a surety or by the principal debtor) was a payment by one solidary obligor (American Chemical) which relieved the other (Mrs. Strickland) of liability toward the obligee to the extent of the payment.
NOTES
[1] The decision that Mrs. Strickland is liable in solido with the corporation for $100,000.00 is a final decision. The only issue before this court is the proper allocation of the $62,678.94 payment. Counsel for Lone Star has attempted to reurge the issue of Mrs. Strickland's liability, arguing that under R.S. 12:95 she should be deemed liable for the entire judgment rendered against American Chemical based upon her fraudulent acts. We are not called upon to decide the merits of Lone Star's argument, since the amount of Mrs. Strickland's liability has been finally determined and is not before this court.
[1] Mrs. Strickland did not become a solidary obligor when the court of appeal declared that she was. Her status as a solidary obligor was based on her pre-suit conduct, and the court of appeal merely declared that status judicially for the first time. It therefore matters little that the $100,000 payment was made before the court of appeal declared her status as a obligor.