SHORTESS, Judge.
This case is before us on appeal of a judgment sustaining an exception of no cause of action. The well-pleaded facts of the petition and amended petition which must be accepted as true for the purposes of this exception follow.
FACTS AS PLEADED
Davis Wholesale Electronics Supply Co., Inc. (Davis) desired to liquidate the entire contents of its business. It delegated to Robert J. Williamson, its president, owner, and sole shareholder, the duty of conducting the liquidation. Pursuant to a corporate resolution authorizing him to do so, Williamson entered into a contract with Hemphill-Kunstler-Buhler, Auctioneers and Appraisers, A Louisiana Partnership (HKB), to conduct an auction.
The contract required Davis to turn over and deliver to HKB the entire contents of its business. The contract provided that HKB would be paid a certain auctioneer fee based on a percentage of the total sales, as well as a $1,000.00 advertising fee.
On the day of the sale, Williamson registered to bid on behalf of Davis in violation of the rules of the auction which state: “No consignor will be permitted to bid on their own goods for any reason!” Williamson proceeded to bid on numerous items offered for sale, resulting in a disruption of the auction. He then took possession of the items upon which he bid and refused to make the required payments to HKB.
ACTION IN COURT BELOW
HKB brought this suit against Davis seeking damages and attorney fees for bad faith breach of contract and against Williamson seeking commissions lost because of his disruption of the auction. Williamson then filed an exception of no cause of action, contending that the petition contained no allegations that Williamson acted in other than his capacity as president of Davis. The trial court sustained the exception but gave HKB leave to amend. After HKB amended its petition, Williamson filed another exception of no cause of action which also was sustained by the trial court. From that judgment HKB appeals.
LAW
Louisiana courts are very hesitant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, except in the case of fraud, malfeasance or criminal wrongdoing. LSA-R.S. 12:93 B; LSA-R.S. 12:95; Lone Star Industries, Inc. v. American Chemical, Inc., 461 So.2d 1063 (La.App. 4th Cir.1984), aff'd, 480 So.2d 730 (La.1986), aff'd on rehearing, 491 So.2d 1333 (La.1986); L.L. Ridgway Co. v. Marks, 146 *404 So.2d 61 (La.App. 4th Cir.1962). However, Louisiana law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third party, and it does not matter that liability might also attach to the corporation. H.B. “Buster” Hughes, Inc. v. Bernard, 318 So.2d 9 (La.1975); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In Canter v. Koehring the Louisiana Supreme Court set forth the test of when a corporate officer is liable to a third party damaged by reason of the officer’s breach of an employment-imposed duty:
1. The principal or employer owes a duty of care to a third person ..., breach of which has caused the damage for which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault....
4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duly towards the injured plaintiff, breach of which specifically has caused the plaintiff’s damages.
283 So.2d at 721. Although Canter was a wrongful death action in which the plaintiffs sought recovery against a co-employee of the decedent, the test enunciated in Canter has been applied to facts closer to the instant case. See H.B. “Buster” Hughes, Inc. v. Bernard, 318 So.2d 9 (La.1975); Scariano Brothers, Inc. v. Hammond Construction, Division of Scheyd-Brennan, Inc., 428 So.2d 564 (La.App. 4th Cir.1983).
In Scariano, the court held that a third party petition stated a cause of action because facts sufficient to meet the Canter test had been alleged. In that case, the third party plaintiff alleged that the corporate president had been delegated the duty of properly handling a subcontract, the duty was personally owed to the third party plaintiff, the officer breached the duty by his fault through acts set forth in the pleadings, and third party plaintiff was injured as a result of the breach. In the recent case of Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985), the Louisiana Supreme Court held a corporate officer liable for breach of his “duty to see that the [corporation’s] obligations were carried out,” stating: “An employee cannot shield himself behind a corporate wall when he is the officer responsible for the corporation’s acts in a particular transaction.” 479 So.2d at 890.
In the case at bar, HKB has alleged that Davis owed a duty to it to carry out its end of the contract, i.e., to turn over the goods to be sold and to pay the agreed-upon fees. HKB has further alleged that this duty was delegated to Williamson by Davis, that Williamson breached this duty by his personal fault by acting as a shill so that the auction was disrupted, and that HKB suffered damages in the form of lost commissions as a result of Williamson’s breach of duty. These allegations meet the Canter test, and thus the trial court incorrectly sustained the exception of no cause of action.
For the above reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion. Costs are to be paid by Williamson.
REVERSED AND REMANDED.