SHORTESS, Judge.
Hemphill-Kunstler-Buhler, Auctioneers and Appraisers, a Louisiana Partnership (HKB), appeals from a judgment maintaining an exception of vagueness brought by Davis Wholesale Electronics Supply Company, Inc., and Robert J. Williamson (defendants). Defendants had moved to dismiss the appeal, claiming that the judgment maintaining the exception of vagueness was an interlocutory judgment and thus not appealable. The trial court judgment which dismissed the case was rendered after HKB took an appeal on the exception of vagueness. Thus, argued defendants, no appeal was ever taken from the judgment dismissing the action. In an unpublished opinion, this court maintained the appeal. We held that the final judgment dismissing HKB’s suit cured any defect in its appeal on the judgment maintaining the exception of vagueness. We now consider whether or not said suit was properly dismissed on an exception of vagueness.
This case had a complicated procedural history even prior to this appeal. HKB originally filed suit against defendants, alleging that Davis, through its president Robert J. Williamson, breached a contract whereby HKB agreed to liquidate Davis’ *5 business through an auction. Williamson, the petition alleged, appeared at the auction on behalf of Davis, the consignor of goods to be sold, and bid on the merchandise himself, in violation of the terms of the contract and in violation of LSA-R.S. 37:3129(B), which forbids any person to act at an auction sale as a “shill” or to offer any false bids. The petition alleged that because of Williamson’s actions, the auction was discontinued; it further alleged that defendants never paid the price bid for the merchandise, or $3,045.42.
Defendants brought an exception of no cause of action, alleging that the petition failed to state a claim against Williamson, who was at all times acting in an agency capacity for the corporation and thus could not be held personally liable. This exception was maintained by the trial court, and HKB amended the petition, making allegations that Williamson, after being advised by HKB that bidding by him would disrupt the sale because other potential bidders would fear that the prices were being artificially inflated, persisted and bid at the auction sale. The amended petition further states that Williamson’s actions did in fact cause the other bidders to stop bidding, and that Davis breached the contract by failing to pay the price for the goods its agent bid on.
Defendants again brought an exception of no cause of action, which was sustained by the trial court. This court reversed in Hemphill-Kunstler-Buhler, Auctioneers and Appraisers v. Davis Wholesale Electronics Supply Company, Inc., 516 So.2d 402 (La.App. 1st Cir.1987), writ denied, 520 So.2d 751 (La.1988). We held that the petition stated a cause of action because plaintiff alleged in the amended petition that Davis owed a duty to carry out its end of the contract, that it delegated that duty to Williamson, and that Williamson breached that duty by acting as a shill. The case was then remanded to the trial court for further proceedings, and defendants brought the present exception of vagueness.
Defendants except to the original and amended petitions specifically on the grounds that HKB simultaneously alleges that Williamson and Davis failed to pay for the merchandise, and that Williamson and Davis contracted with HKB. The thrust of this exception is that HKB failed to show how Williamson, while acting for the corporation, could be held personally liable. We note that we previously resolved this issue when we decided HKB’s petition stated a cause of action. We will not address the issue again.
Left for our consideration is defendants’ exception of vagueness on the grounds that any assertions that Williamson acted as a shill are unsupported by facts. Our review of the original and amended complaints indicates HKB alleged that Williamson registered Davis to bid; that Williamson did bid; that other persons left the auction and it was terminated; that defendants refused to pay the bid; that Williamson bid without any apparent intent to pay for the merchandise and thus acted as a shill; and that Williamson was warned by HKB that if he bid as consignor, potential bidders would fear that his bid was artificially inflating the price of goods offered for sale.
HKB’s allegations, analyzed functionally, are that Williamson intended to act as a shill in violation of LSA-R.S. 37:3129, or to make false bids. To support this assertion, HKB alleges that defendants never paid for the merchandise Williamson bid on. The inference to be drawn from the facts pled — that Williamson bid in violation of the contract, that he refused to pay, and that he was notified by HKB that other bidders would leave because of their fear that the price of goods was being artificially inflated — is that Williamson did in fact act as a shill. LSA-C.C.P. art. 856 states, in pertinent part: “Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.” HKB has done just that, and the rules of pleading have been satisfied. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). The judgment of the trial court is reversed. All costs are to be taxed to defendants.
REVERSED AND REMANDED.