554 So.2d 717 (1989)
Lawrence DEROCHE, Jr., et al.
v.
P & L CONSTRUCTION MATERIALS, INC., et al.
WESTSIDE SAND, INC.
v.
Mr. and Mrs. Lawrence DEROCHE, et al.
LOUISIANA MATERIALS CO., INC.
v.
Mr. and Mrs. Lawrence DEROCHE, et al.
Nos. 89-CA-306 to 89-CA-308.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Rehearing Granted for Limited Purpose January 17, 1990.
*718 Wayne D. Mancuso, Harahan, for Gerald P. Webre, defendant-appellant.
Milling, Benson, Woodward, Hillyer, Pierson & Miller, Stephen C. Carleton, New Orleans, for Louisiana Materials Co., Inc., plaintiff-appellee.
Before CHEHARDY, C.J., and KLIEBERT and GAUDIN, JJ.
CHEHARDY, Chief Judge.
Gerald Webre appeals a judgment rendered against him, under which he was found liable in solido with others for a debt to Louisiana Materials Co. Inc., in the amount of $39,434.41 plus interest and costs, and for attorney's fees in the amount of $2,500.
The case on appeal consists of three suits consolidated at the district court level. In No. 89-CA-306 (29th Judicial District Court No. 30,347), Deroche, et al. v. P & L Construction Materials, Inc., et al., Madelaine Deroche, wife of/and Lawrence Deroche, Jr., d/b/a Deroche Truck Service, sought a declaratory judgment as to whether they owed a debt for the purchase of clam shells and other materials from P & L Construction Materials. They named as defendants P & L, "Gerald Weber d/b/a Westside Sand Co." and Neil Clulee. (Clulee and Webre are officers and stockholders of Westside Sand, Inc.) The Deroches alleged they had been acting as agents for Weber, Westside and Clulee in the purchase of material from P & L. Louisiana Materials Co., Inc. (which by virtue of a merger had become the parent company of P & L Construction Materials), filed a third-party demand against Westside Sand, Inc., Neil Clulee and Gerald Webre.
In No. 89-CA-307 (district court No. 30,440), Westside Sand, Inc. v. Deroche, etc., Westside Sand filed a suit on open account against the Deroches, claiming Westside was owed $36,723.33.
In No. 89-CA-308 (district court No. 30,497), Louisiana Materials Co., Inc. v. Deroche, etc., Louisiana Materials sued the Deroches on open account in the amount of $40,280.41 for the purchase of materials from April 1984 through November 1985.
On March 10, 1987, the Deroches filed a motion to dismiss Gerald Webre, without prejudice, in case No. 30,347. That motion was signed on March 11, 1987. Louisiana Materials/P & L did not join in the motion.
Following trial on the merits, the trial court granted judgment in No. 30,497 in favor of Louisiana Materials against the Deroches. In No. 30,347, the court rendered judgment in favor of Louisiana Materials on its third-party demand against the Deroches, Webre, Clulee and Westside Sand, in the amount stated at the beginning of this opinion, on the basis that the Deroches were acting as undisclosed agents of Webre, Clulee and Westside Sand.
*719 In No. 30,440, Westside Sand's demand against the Deroches was dismissed.
Only Webre has appealed.
Webre contends he was incorrectly cast in judgment. He asserts, first, that at a pretrial conference all parties had stipulated he was not a defendant in the case. Alternatively, he argues, he should not have been found liable personally for a debt of the corporation of which he was president and a stockholder, Westside Sand, Inc.
First, regarding Webre's alleged dismissal from the suit, the only dismissal of him in the record is the dismissal by the Deroches in case No. 40,437. Although there is some discussion in the trial transcript indicating both the judge and Mr. Webre were under the impression he was no longer a defendant, there is nothing to indicate that Louisiana Materials intended to dismiss Webre from its third-party demand. Accordingly, we find no merit to this argument.
We do find merit, however, to the appellant's argument denying his personal liability for a corporate debt. It is not contested by any party that Westside Sand, Inc., was a corporation. Further, Mrs. Deroche testified that during the period in which the debt herein was incurred, she met Mr. Webre only once, briefly. There is no evidence that he ever said or did anything to indicate he intended to be personally liable for any corporate debts.
The trial judge concluded Westside Sand was engaged in a joint venture with the Deroches, under which the Deroches purchased the clam shells and sand needed by Westside for a construction job on which Westside had been the successful bidder. Mrs. Deroche testified that Clulee instructed her not to inform P & L (Louisiana Materials) she was buying materials for Westside. Clulee felt P & L would not sell materials directly to Westside because P & L had been an unsuccessful bidder on the job in question and had sued Westside Sand as a result.
A corporation is a legal entity separate and distinct from the individuals who compose it. L.L. Ridgway Company v. Marks, 146 So.2d 61 (La.App. 4 Cir.1962). A corporate official agent is ordinarily not liable individually for corporate debts. Pack v. Wise, 155 So.2d 909 (La.App. 3 Cir.1963), writ refused, 245 La. 84, 157 So.2d 231 (1963). Louisiana courts are very hesitant to hold a shareholder, officer or director personally liable for corporate obligation. Lone Star Industries v. American Chemical, 461 So.2d 1063 (La.App. 4 Cir.1984), writ denied, 465 So.2d 738 (La. 1985). See also, Hemphill, Etc. v. Davis Wholesale Elec., 516 So.2d 402 (La.App. 1 Cir.1987), writ denied, 520 So.2d 751 (La. 1988).
Generally, if directors and officers of a corporation do not purport to bind themselves individually they do not incur personal liability for debts of the corporation except for acts of fraud, malfeasance or criminal wrongdoings. L.L. Ridgway Company v. Marks, supra; see also, Automatic Coin Enterprises v. Vend-Tronics, 433 So.2d 766 (La.App. 5 Cir.1983), writ denied, 440 So.2d 756 (La.1983).
A corporation has a separate and distinct existence apart from its stockholders and officers, and in the absence of fraud, the liability of a corporation is not the liability of the shareholders or the officers thereof. Lushute v. Diesi, 343 So.2d 1132 (La.App. 3 Cir.1977), aff'd in part, rev'd in part on other grounds, 354 So.2d 179 (La.1977).
A corporate creditor has the burden of proving that the corporate agent is liable for corporate debts. Bricks Unlimited, Inc. v. Lemoine Homes, Inc., 380 So.2d 714 (La.App. 4 Cir.1980). See also, Audubon Store, Inc. v. Schrimsher, 434 So.2d 1159 (La.App. 1 Cir.1983).
In this case there were no allegations or proof of fraud by Mr. Webre that would expose him to personal liability. There was no basis on which to pierce the corporate veil and, accordingly, the district court erred in casting Mr. Webre in judgment.
Although appellee Louisiana Materials neither appealed nor answered Webre's *720 appeal, it has requested this court to grant it additional attorney's fees for fees incurred for this appeal. This request is denied, however; in view of our reversal of the judgment against Webre, Louisiana Materials is not entitled to recover attorney's fees from him. Further, even had we affirmed the judgment against Webre, Louisiana Materials would not recover additional attorney's fees because it did not answer the appeal. See Welborn v. Ashy Enterprises, Inc., 504 So.2d 120 (La.App. 2 Cir. 1987).
For the foregoing reasons, the judgment of the district court is reversed as to that portion finding Gerald P. Webre liable. No other parties having appealed, in all other respects the judgment is affirmed. Louisiana Materials Co., Inc., is cast for the costs of this appeal.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

ON REHEARING GRANTED FOR LIMITED PURPOSE
PER CURIAM.
Pursuant to the application for rehearing by plaintiff-appellee, Louisiana Materials Co., Inc., we grant rehearing in this matter for the limited purpose of making the following textual amendments to our opinion rendered herein on November 15, 1989.
On page three of the opinion, in the second full paragraph, the following sentences are deleted:
"Further, Mrs. Deroche testified that during the period in which the debt herein was incurred, she met Mr. Webre only once, briefly. There is no evidence that he ever said or did anything to indicate he intended to be personally liable for any corporate debts."
In their place is substituted this sentence:
"There is no evidence Mr. Webre ever said or did anything to indicate he intended to be personally liable for any corporate debts."
Also on page three, the third full paragraph reads as follows:
"The trial judge concluded Westside Sand was engaged in a joint venture with the Deroches, under which the Deroches purchased the clam shells and sand needed by Westside for a construction job on which Westside had been the successful bidder. Mrs. Deroche testified that Clulee instructed her not to inform P & L (Louisiana Materials) she was burying materials for Westside. Clulee felt P & L would not sell materials directly to Westside because P & L had been an unsuccessful bidder on the job in question and had sued Westside Sand as a result."
That paragraph is deleted and the following paragraph is substituted in its place:
"Mrs. Deroche stated she was instructed by Neil Clulee to keep silent about their business relationship due to a lawsuit between P & L and Westside/Clulee. The trial judge held Westside Sand, Clulee, and Webre had engaged in a joint venture with the Deroches, under which the Deroches purchased the clam shells and sand needed by Westside for a construction job on which Westside had been the successful bidder."
These changes do not alter the outcome of our decision. As amended hereby, our original judgment is maintained and rendered. Our original decree is reinstated.
REHEARING GRANTED FOR LIMITED PURPOSE; JUDGMENT OF NOVEMBER 15, 1989, AMENDED AND RENDERED AS AMENDED; ORIGINAL DECREE REINSTATED.