### WARTELLE *vs.* LE BLANC.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a partner buys goods for another person, and pays for them on his own account, on receiving goods in return, with orders to sell them, and place the proceeds to his credit, the partner may accredit them in the separate account he has with such person.

When there is but one debt due, imputation of payment can only be made to that one.

The Supreme Court will not remand a case, and order a supplementary account to be filed, which was not asked for by the pleadings in the court below. Such an order could only be made by an amendment.

    This is an action of account, by one partner against another, for a balance, alleged to be due, which, the plaintiff says, has been caused through error and incorrect accounts, rendered by his co-partner, who had the principal management and control of the business.

    The plaintiff claims a balance due to him, according to a detailed statement annexed, of four thousand two hundred and twenty-one dollars and fifty-one cents.

    The defendant pleaded a general denial ; and denied specially any errors or omissions, on his part, in settling the partnership affairs.

Each party propounded interrogatories to the other respecting their accounts, and much evidence was intro- duced, to explain and support the respective accounts set up.

After a patient and minute examination between the parties, by the district judge, he came to the conclusion, that there was six hundred and eight dollars and fifty-nine cents due to the plaintiff, for which he rendered judgment. The plaintiff being dissatisfied therewith, took an appeal.

*J. Seghers*, for the plaintiff.

*Grima* and *Strawbridge*, *contra*.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff and appellant urges the reversal of the judgment of the court below, on the ground that an item of his account, of one hundred and seventy-one dollars and ninety-one cents, was disallowed, and, together with two others, reserved as the subject of future adjudication between the parties. This item consists of a remittance made by one Girodel, of Omoa, to the defendant, which is alleged ought to have been credited to the joint account of plaintiff and defendant.

It appears in evidence, that Le Blanc had purchased some goods here for Girodel, and paid for them. That afterwards a shipment was made to him on the joint account of the parties. Girodel sent goods to this place, which were sold, and the proceeds credited in account with Le Blanc. Le Blanc was instructed to sell them, and place the proceeds to the credit of Girodel.

The evidence does not satisfy us, that at the time the remittance was made, Girodel was indebted on any other account than the original purchase made for him by the defendant. It is not shown that the goods shipped for the joint account of the parties had yet been sold. If only one debt was due at the time, the payment can be imputed to no other.

*Where a partner buys goods for another person, and pays for them on his own account, on receiving goods in return, with orders to sell them and place the proceeds to his credit, the partner may accredit them in the separate account he has with such person. Where there is but one debt due, imputation of payment can only be made to that one.*

EASTERN DIST.        The appellant prays the court to remand the case, with an
*February*, 1837.  order that the defendant file a supplementary account within

DECOUX ET AL.  a limited period, or, in default thereof, that judgment be
*vs*          rendered against him for the amount of the suspended items.
LEDOUX.
The Supreme  We think this cannot be done.    Such an order was not
Court will not
remand a case  asked in the court below, and could only be done by an
and order a sup-  amendment.    All the rights of the plaintiff are reserved by
plementary ac-
count to be filed,  the judgment which is, in that respect, sufficiently liberal.
which was not
asked for by the
pleadings in the        It is, therefore, ordered, adjudged and decreed, that the
court      below.
Such an order  judgment of the District Court, be affirmed with costs.
could only be
made   by   an
amendment.