MARVIN, Judge.
FMCC appeals from a judgment dissolving a writ of sequestration and awarding Hogg damages and attorney’s fees for the wrongful seizure of Hogg’s Ford automobile.
In its petition filed March 8, 1977, FMCC alleged that the monthly mortgage installment payments on the automobile for January and February, 1977, were not paid and that it elected to mature Hogg’s note in its entirety. On appeal, FMCC contends that the lower court erred in finding that the mortgage installment payments were current and alternatively, that the awards made by the lower court were grossly excessive and not justified by the evidence. We find the record supports these factual findings below and affirm.
The contention as to whether or not the installment account was current arises out of two payments made to FMCC by Hogg. The first payment was Hogg’s check for the August, 1976 installment. The second payment was a money order purchased by Hogg on February 14, 1977, and mailed to FMCC.
Hogg financed the credit purchase of two vehicles with FMCC, a Mercury Monarch, on which the monthly installment was $154, and a 1975 LTD Ford, on which the monthly installment was $139. Written on the face of the August check were the words “note on 1975 LTD.” Mrs. Hogg forwarded with the check a letter informing FMCC that the payment (coupon receipt) book containing the specific account number had been lost and requested a replacement book. FMCC’s records show the request was “processed” on August 27. The purchase contract, however, made no reference to, and did not require, a coupon accompanying the monthly payment. The August payment was applied by FMCC to the Mercury Monarch account.
The law is settled that the debtor has the right or privilege of designating or imputing to which of several debts with one creditor a particular payment is to be applied and the creditor is not privileged to make the imputation unless the debtor fails to make it. C.C. Arts. 2163, 2166. See Madison Lumber Co. v. Helm, 202 La. 1061, 13 So.2d 349 (1943), and Hammond Wholesale Implement Co. v. Hunt, 125 So.2d 696 (La.App. 1st Cir. 1960).
An FMCC representative testified he had discussed with Mrs. Hogg, after the imputation of the August check to the Mer *1326 cury account, that it would take at least two weeks for the FMCC Data Processing Center in Michigan to correct the erroneous imputation. He suggested to Mrs. Hogg that she make the “adjustment” (as he called it) when she sent in the next monthly installment. This witness also testified that monthly payments from installment purchase customers in a five-state area go to a lockbox bank at a post office number in Houston, Texas. There, data from the coupon and an IBM card goes into a computer and the application of payment to the particular account is made. This computer is connected to FMCC’s central computer in Michigan. The issue is whether the creditor erroneously imputed payment to the Mercury. This issue cannot be decided on the basis of what reasonable computers would do or would have done under the circumstances, but on the basis of the traditional test of reasonable men and reasonable minds. The lower court did not,err in concluding the debtor made a sufficient imputation of the August, 1976, payment to the 1975 LTD Ford account and that the creditor’s imputation to the Mercury was erroneous.
The second payment bearing on the question of whether the account was current was a money order dated February 14, 1977, and mailed to FMCC at its Lubbock, Texas, 'address as FMCC directed. The factual issue was whether this money order was timely mailed to or received by FMCC before it filed suit on the alleged delinquent installment contract. This issue was resolved by the lower court against FMCC, whose representative admitted that FMCC received the money order in Lubbock sometime after February 23, 1977. We find no error in the lower court’s determination that the installment account was not delinquent as alleged since it was customary for the debtor to send payments through the mail to the address or addresses as FMCC directed from time to time.
The lower court awarded $600 in damages and $350 in attorney’s fees. While FMCC complains the awards are excessive, Hogg, in answer to the appeal, seeks to have the awards increased. Under the circumstances, we find each award to be within the range of discretion legally afforded the lower court.
At appellant’s cost, judgment is
AFFIRMED.