480 So.2d 730 (1986)
LONE STAR INDUSTRIES, INC.
v.
AMERICAN CHEMICAL, INC. and Jimmie M. Strickland.
No. 85-CC-1362.
Supreme Court of Louisiana.
January 13, 1986.
Rehearing Granted February 20, 1986.
Michael Fawer, Bradley Smolkin, Frank Nicotera, Fawer, Brian, Hardy & Zatzkis, New Orleans, for applicant.
John Wilkinson, Wilkinson & Wilkinson, New Orleans, for respondent.
BLANCHE, Justice.
Lone Star Industries, Inc. entered into an agreement with American Chemical, Inc. for the sale of approximately 10,000 barrels of No. 6 fuel oil. As a condition to delivery of the fuel, the agreement required American Chemical to deliver a certified check in the amount of $100,000.00 to Lone Star. The balance due was to be paid after delivery. On September 13, 1980, a check drawn on American Chemical's account signed by Kay Strickland, but not certified, was delivered to Lone Star officials. At the time the check was written the balance in American Chemical's account was a little over $25,000.00. Since the check was delivered on a Saturday while the bank was closed, Lone Star allowed delivery of the fuel. After all of the fuel had been delivered, a dispute arose as to the amount of fuel delivered and the purchase price agreed upon. As a result of the dispute American Chemical's President, Kay Strickland, stopped payment on the $100,000.00 check.
Lone Star then instituted suit against American Chemical for the agreed upon purchase price. Kay Strickland was later joined as a defendant for allegedly acting fraudulently in the performance of the contract for the sale of the fuel oil by stopping payment on the check without reasonable cause. At the outset of the case, the trial court ordered American Chemical to deposit $62,678.94 in the registry of the Court *731 since it had admitted that at least 6,718.07 barrels of fuel had been delivered at a price of $9.33 per barrel. On January 18, 1983, a pledge was executed by Kay Strickland, individually and on behalf of American Chemical, "to secure the prompt payment of any judgment rendered against American Chemical."
After hearing all of the testimony the judge concluded that 9,580.47 barrels of fuel had been sold at a price of $13.86 per barrel. Accordingly, judgment was rendered against American Chemical and in favor of Lone Star for $132,785.31, plus interest and costs. On appeal, the Fourth Circuit also rendered judgment against Kay Strickland for perpetration of a fraud in the amount of $100,000.00, plus interests and costs. This is the amount of the worthless check. A more extensive discussion of the facts of this case can be found at 461 So.2d 1063.
Once the judgment of the Fourth Circuit became final, Lone Star filed a petition seeking permission to withdraw the $62,678.94 deposit. A dispute subsequently developed concerning the balance due by Kay Strickland after the application of the deposit to the appropriate judgment. Strickland argues that the entire amount of the deposit should be applied against the $100,000.00 solidary obligation leaving a balance of $37,321.06. Lone Star asserts that the deposit should first be applied to the $32,785.31 that American Chemical is liable for alone. Under this approach the balance of the deposit, $29,893.63, is to be applied to the $100,000.00 for which American and Strickland are liable solidarily leaving a balance of $70,106.37. The trial court adopted the position taken by Lone Star and rendered judgment accordingly. The Fourth Circuit denied writs.
One issue is presented by this case: How should the deposit be allocated to the judgments rendered against American Chemical and Kay Strickland?
The articles dealing with the imputation of payment found in the Civil Code govern the outcome of this case. Since the facts giving rise to this dispute occurred prior to the effective date of the recent revision of Book III of the Civil Code, the old articles govern.
Civil Code art. 2163 (West 1984) gives to the debtor the right to designate the particular debt which he intends to discharge upon making a payment. The intent to discharge a particular debt can be either express or inferred from the circumstances surrounding the payment. See La. Civil Code art. 1864 (West 1985); Ford Motor Credit Co. v. Hogg, 351 So.2d 1324 (La.App. 2nd Cir.1977); and Madison Lumber Co. v. Helm, 202 La. 1061, 13 So.2d 349 (1943). The pledge agreement signed by Kay Strickland leaves no doubt that it was made solely on behalf of American Chemical, Inc. It clearly states that it was given "to secure the prompt payment of any judgment rendered against American Chemical." For that reason, it must be inferred that the payment was intended to benefit American Chemical to the maximum extent possible. Therefore, the deposit is first applied to that portion of the judgment that American Chemical is liable for alone, or $32,784.31. The balance of the deposit, $29,893.63, is to be applied to the $100,000.00 for which American Chemical and Strickland are solidarily liable for, leaving a balance due of $70,106.37.
Even if we assume that an order of imputation cannot be inferred from the circumstances, the legal order of imputation reaches the same result. La.Civil Code art. 2166 (West 1984) states that "... the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due..." American Chemical is the debtor here since the payment was made on its behalf by Court order. At the time that the deposit in question was made, American Chemical admitted liability for the amount of the deposit only. The portion of the debt which American Chemical was solely liable for was equally due with that portion of the deposit that Kay Strickland would eventually be declared solidarily liable for with American. Since the debts are equally due, the deposit must first be imputed *732 to that portion of the debt which American Chemical is solely liable for since it is more burdensome. Hammond Wholesale Implement Co. v. Hunt, 125 So.2d 696 (La.App. 1st Cir.1960), and Saline Lumber Co. v. Stewart, 17 So.2d 320 (La.App. 2nd Cir.1944).
In disposing of this case the trial judge concluded that since the deposit was made on behalf of American Chemical, it should benefit therefrom to the maximum extent possible. The Fourth Circuit denied writs reasoning that Civil Code art. 1865 (West 1985),[1] which merely reaffirms the principle established in Wartelle v. LeBlanc, 10 La. 556 (1837), precludes imputation of the deposit first to that portion of the judgment for which Strickland and American Chemical are solidarily liable since it was "not yet due" at the time of the deposit. The court reasoned that it was not due until the judgment became final. The defendants argue that this article does not apply when a solidary obligation is involved. We need not reach this issue given the inferred intention of the parties and the legal imputation of payment.
This ruling applies the $62,678.94 payment first to American Chemical's sole liability for $32,785.31 above and beyond the $100,000.00, cancelling it completely. It then reduces the $100,000.00 solidary liability by the remaining $29,893.63, leaving a balance of $70,106.37, plus interest and costs.
The judgment of the trial court is affirmed.
AFFIRMED.
MARCUS and LEMMON, JJ., dissent.
CALOGERO, dissents and assigns reasons.
CALOGERO, Justice, dissenting.
The majority opinion concludes that "the articles dealing with the imputation of payment found in the Civil Code govern the outcome of this case." I cannot agree.
First, I point out that the articles relied on, La.Civ.Code Ann. art. 2163 and 2166 (West 1967), the subject matter of which is now found at La.Civ.Code Ann. art. 1864 and 1868 (West Supp.1985), clearly contemplate "several debts" to a single obligee. In this case, although there are multiple obligors, American Chemical and Mrs. Strickland, who are solidarily obligated for only a portion of the obligation, there is but a single debt  $132,785.31, the amount of the total judgment against American Chemical in favor of Lone Star Industries.
Furthermore, assuming that the articles could be applied to a single debt situation, I do not believe that these articles of general application should be allowed to produce a result contrary to that which prevails under the law of solidary obligations, which is specifically applicable to the debt shared by American Chemical and Mrs. Strickland. La.Civ.Code Ann. art. 1794 provides:
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
Since American Chemical and Mrs. Strickland were found to be solidarily liable to Lone Star for $100,000, a portion of American Chemical's total obligation, the performance of one solidary obligor, American Chemical, in paying $62,678.94[1] relieves the other solidary obligor, Mrs. Strickland, of liability toward the obligee up to that amount. Simply put, the law of solidary obligations provides that payment made by one solidary obligor inures to the benefit of any other solidary obligor.
NOTES
[1] Art. 1865. Imputation to debt not yet due.

An obligor may not, without the obligee's consent, impute payment to a debt not yet due.
[1] For purpose of this dissent I will assume the majority is correct that the $62,678.94 was paid by American Chemical. In fact I believe the record evidences that the $62,678.94 was paid by Mrs. Strickland in her personal capacity, which makes even more compelling my conclusion that Mrs. Strickland's remaining obligation is only the balance of her $100,000 obligation.