496 So.2d 1126 (1986)
DUTTON & VAUGHAN, INC.
v.
Petr L. SPURNEY, et al.
No. CA-4389.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearings Denied November 19, 1986.
Robert E. Leake, Jr., Donald E. McKay, Jr., Hammett, Leake & Hammett, New Orleans, for Dutton & Vaughan, Inc.
Kyle Schonekas, Calvin P. Brasseaux, Madaline Herlong, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for Barriere Const. Co., Inc.
Ernest L. O'Bannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for Western World Ins. Co., Inc.
F. Lee Butler, Adams and Reese, New Orleans, for Nat. Union Fire Ins. Co. of Pittsburgh, Pa.
Lawrence J. Ernst, Elizabeth Cordes, Christovich & Kearney, New Orleans, for Federal Ins. Co.
Eugene R. Preaus, Brent B. Barriere, Robert McNeal, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for Petr L. Spurney.
Before BARRY, LOBRANO, WARD and ARMSTRONG, JJ., and PRESTON H. HUFFT, J., Pro Temp.
WARD, Judge.
This appeal is from a judgment on the pleadings which dismissed the claims of Dutton & Vaughan, Inc. and intervenor Barriere Construction Co., Inc. against the officers and members of the management *1127 committee of the Louisiana World Exposition, Inc. (LWE) and their insurers. Because judgment for defendants was rendered on the pleadings alone, the sole issue is whether the plaintiffs have stated a cause of action. We hold that they have stated a cause of action for fraud, and we reverse the judgment of the Trial Court.
The allegations of Dutton & Vaughan's original petition may be summarized: (1) on December 22, 1983, Dutton & Vaughan entered into a $2,753,040.00 contract with LWE for demolition necessary to construct parking facilities near the LWE site; (2) the contract required LWE to furnish Dutton & Vaughan with reasonable evidence that it had made financial arrangements to meet its payment obligations to Dutton & Vaughan and unless such evidence was furnished, Dutton & Vaughan was not required to perform the work; (3) LWE informed Dutton & Vaughan "that funds were available by way of specific moneys from the City of New Orleans ($3,000,000.00) which were part of the proceeds of a loan from the State of Louisiana under Act 37 of 1981 First Extraordinary Session, confirmed by a contract between the State and City dated September 28, 1982, and were specifically set aside for payment of this parking lot contract;" (4) by authority of an ordinance the City paid those funds to LWE for the construction of the parking facilities in accordance with the Dutton & Vaughan contract; (5) upon completion and acceptance of the project LWE failed to pay Dutton & Vaughan a portion of the contract price, in the amount of $990,865.02; (6) despite the knowledge that funds had been dedicated for the parking project "defendants wrongfully diverted said $3,000,000 and spent such moneys for purposes other than those for which it was loaned by the State to the City and paid by the City to LWE;" (7) the wrongful diversion of the $3,000,000 "violated defendants' fiduciary obligations under law and contract, violated the contractual representations made to plaintiff and constitutes the tort of negligent misrepresentation;" and (8) defendants' actions constituted "a legal fraud."
The intervention of Barriere Construction Company, a subcontractor of Dutton & Vaughan, filed much later, asserted claims against Dutton & Vaughan and the City of New Orleans and made allegations against the defendants which were virtually identical to those of Dutton & Vaughan. Although Barriere did not explicitly allege "fraud" as did Dutton & Vaughan, the Barriere petition includes additional detailed factual allegations.
The defendants filed exceptions of no cause and no right of action and vagueness, and Dutton & Vaughan amended its petition to allege: "Representations were specifically made that plaintiff would be paid out of these dedicated public funds. These representations were repeatedly made to H.P. Vaughan by each and all of the following individuals: Michael Carlson, Vice-President for Site Development of LWE, George Reitmeyer, John F. Exnicios, Transportation Director of LWE, Martin Katz, Vice-President for Finance of LWE, Margaret Ann Brown, Senior Staff Attorney for LWE, and Paul Creighton, Vice-President for Operations of LWE."
After the Trial Judge denied their exceptions, the defendants answered, denying all allegations, and moved for judgment on the pleadings for failure to state a cause of action, asserting that the officers and directors owed no fiduciary obligation to a creditor of LWE, and for failure to specifically allege fraud by any defendant. The Trial Judge granted judgment in favor of the defendants, stating that he was bound to do so by the decision in Fine Iron Works v. Louisiana World Exposition, 472 So.2d 201 (La.App. 4th Cir.), writ denied 477 So.2d 104 (La.1985), in which this Court held that a creditor of LWE had failed to state a legal claim against its officers and directors. Dutton & Vaughan and Barriere appealed the dismissal of their suit.
We reverse. We do not believe that Fine Iron Works is controlling. It is distinguishable from the instant case, both on its facts and on the legal theory asserted for recovery. Fine Iron Works had contracted *1128 with LWE to erect structures on the fair site. Later, GTE Service Corporation agreed to pay LWE to sponsor the structures. After LWE failed to pay Fine Iron Works under its contract, Fine Iron Works sued claiming that the sponsorship agreement between LWE and GTE created a constructive trust for Fine Iron Works' benefit and that the defendant officers and directors violated a fiduciary duty to disburse the funds in the alleged trust in accordance with the sponsorship agreement. This Court held that Fine Iron Works could not recover from LWE under a constructive trust theory because the alleged trust fund had not yet been created when LWE contracted with Fine Iron Works. The money from GTE was no different from any other funds received by LWE; therefore, the officers and directors could administer the GTE funds with the same freedom as any other funds.
Dutton & Vaughan and Barriere are not relying upon a constructive trust theory in this case. Moreover, not only are they relying on other theories for recovery, they allege different facts. They allege that the funds dedicated to Dutton & Vaughan's project were set aside by the City more than a year before Dutton & Vaughan's contract with LWE was executed. Hence, unlike the creditor in Fine Iron Works, Dutton & Vaughan and Barriere allege reliance upon a fiscal appropriation which was in existence when they contracted to perform work for LWE. And furthermore, it is alleged that the public funds were given to LWE explicitly dedicated to Dutton & Vaughan's project and that the LWE officers and directors, therefore, did not have the same freedom to administer those funds as any other.
Having alleged that the defendants wilfully diverted public funds specifically appropriated for the construction of parking facilities, Dutton & Vaughan and Barriere now assert three theories for recovery from defendants: breach of a fiduciary duty arising from La.R.S. 42:1461 which provides a personal fiduciary obligation of officers and employees of a contractor or quasi-public entity entrusted with public funds; negligent misrepresentation; and fraud. Inasmuch as the Trial Judge dismissed all claims, we presume he rejected all three theories of recovery. We now consider each of them in turn. As required by La.C.C.P. art. 965, we accept as true all allegations of fact in Dutton & Vaughan and Barriere's pleadings.
It is first asserted that R.S. 42:1461 confers a fiduciary duty upon LWE and its officers to use the money from the state loan for parking facilities as per the agreement between the City of New Orleans and LWE, and that failure to use the loan funds for that purpose constituted a breach of that fiduciary duty, giving rise to a cause of action in favor of Dutton & Vaughan. Although the statute may define a relevant duty, R.S. 42:1461(C) gives the right of action for recovery of misappropriated funds only to the public entity, in this case the City of New Orleans or perhaps the State of Louisiana. Therefore, Dutton & Vaughan, a private contractor, has no right of action under the statute.
The second theory of recovery alleges negligent misrepresentation by LWE officers who told H.P. Vaughan that his company would be paid out of the dedicated public funds. Even assuming the truth of this allegation, however, it provides no cause of action against the defendants. The tort of negligent misrepresentation is not an exception to the general rule that corporate officers are not personally liable for debts of the corporation. Although intentional misrepresentation may be grounds for personal liability of corporate officers, Dutton & Vaughan admittedly do not, at the present stage of discovery, have sufficient factual information upon which to plead that the alleged statements were intentional misrepresentations, that is, false at the time they were made.
Finally, Dutton & Vaughan and Barriere claim that the alleged actions of the defendants constitute fraud which renders them personally liable. Fraud is grounds for holding corporate officers and directors personally liable for those debts *1129 of the corporation arising from the fraudulent acts. La.R.S. 12:95; Lone Star Industries, Inc. v. American Chemical, Inc., 461 So.2d 1063 (La.App. 4th Cir.1984), affirmed 480 So.2d 730 (La.1986); Altex Ready-Mixed Concrete v. Employers Commercial Union Insurance, 308 So.2d 889 (La. App. 1st Cir.), writ denied 312 So.2d 872 (La.1975). Assuming as true the allegations that defendants wrongfully diverted funds earmarked by the City to pay for parking facilities, we find that Dutton & Vaughan and Barriere have stated a claim for fraud, and on this ground, we reverse the Trial Court judgment.
The defendants assert that the petitions do not allege the "circumstances constituting fraud ... with particularity" as required by La.C.C.P. art. 856. The thrust of defendants' argument on this point is that the petitions do not plead sufficiently detailed factual allegations of fraudulent misrepresentations made by the defendants. This argument misreads the petitions. The fraud alleged is not merely that the defendants made misrepresentations, but that they wrongfully diverted specifically appropriated public funds contrary to representations made to Dutton & Vaughan.
The purpose of the requirement of pleading the circumstances constituting fraud with particularity is to inform the opposing litigant of the material facts supporting the legal charges against which he must defend. The Official Comments to Article 856 indicate that the pleading of fraud requires no more than the same material allegations of a cause of action which are required of all pleadings under our system of fact pleading. The Comments state that "there was no actual need for the ... sentence of this article [regarding pleading of fraud], but it has been included to emphasize the necessity of pleading full particulars of the fraud ... averred."
We believe the petitions set forth the circumstances constituting the alleged fraud with particularity sufficient to apprise defendants of the factual basis of the allegation, enabling them to prepare a defense. And moreover, because of the posture of the case, discovery has been denied, and plaintiffs cannot allege with greater particularity the acts of fraud until they are given discovery. Considering the limited discovery allowed thus far in the proceedings, we believe the pleadings are as factually detailed as they possibly can be. It is sufficient to plead as a claim for fraud that certain LWE officers represented to H.P. Vaughan that specified public funds paid to LWE for the construction of parking facilities would be used to pay Dutton & Vaughan, and, with knowledge that the City appropriated the funds for that purpose only, those funds were in fact used by the defendants for other purposes.
The defendants urge that we follow the United States Fifth Circuit Court of Appeals' recent opinion in Unimobil 84, Inc. v. Spurney, 797 F.2d 214 (5th Cir.1986), which affirmed the dismissal of a contractor's suit against the officers and directors of LWE. The Unimobil opinion approved the United States District Court's reliance upon Fine Iron Works. We reject the defendants' contention that this reliance upon Fine Iron Works makes it applicable to the case now before us. In its discussion of Fine Iron Works, the Fifth Circuit ignores, more than likely because not pertinent to its decision, the fact that LWE secured the funds in Fine Iron Works after Fine Iron Works agreed to perform work for LWE. This, as we explained above, is not the situation in the case now before us.
In Unimobil, the Court held that the general allegations of intentional misrepresentation did not meet the requirement for pleading the factual basis of fraud with particularity. We believe, however, that the misrepresentations alleged in Unimobil were clearly different from the statements allegedly made to Dutton & Vaughan. In Unimobil, the defendants' alleged statements were promises to hold a percentage of LWE's future general admission revenues in trust for the plaintiff contractor. Such alleged promises, absent allegations that they were made with no intent to perform, cannot constitute fraud. In contrast, *1130 the fraud alleged by Dutton & Vaughan and Barriere does not consist of misrepresentations regarding the use of future general revenues; it is the wrongful diversion of public funds which were specifically appropriated for parking facilities, an appropriation which Dutton & Vaughan allegedly was assured would provide a separate fund for payment of its contract. Hence, Unimobil is not relevant to our case.
For the foregoing reasons we reverse the judgment of the Trial Court and remand this case for further proceedings. All costs of this appeal to be paid by appellees.
REVERSED AND REMANDED.
ARMSTRONG, J., and PRESTON H. HUFFT, J. Pro Tem., dissent.
PRESTON H. HUFFT, Judge Pro Tem. dissents.
I respectfully dissent.
I find Fine Iron Works v. Louisiana World Exposition, Inc., 472 So.2d 201 (La. App. 4th Cir.1985) and Unimobil 84, Inc. v. Petr L. Spurney, 797 F.2d 214, 1986, United States Court of Appeals for the Fifth Circuit, controlling. In these decisions the officers and directors of LWE were absolved of any personal liability for the debts of LWE under allegations essentially the same as the allegations in this matter, namely misrepresentationnegligent and intentional and a breach of the fiduciary duty imposed on LWE and the officers and directors for the diversion of funds received in "trust" for a specific purpose with the exception that the present case also alleges the creation of a special fiduciary duty on the officers and directors pursuant to LSARS 42:1461 because of the donation of public funds. On the basis of these two decisions, I would affirm the District Court's Judgment on Pleadings in favor of the defendants.
In reaching that conclusion, I find:
1) that R.S. 42:1461 conferred no rights whatsoever on appellants with respect to the $3,000,000.00 donation from the City of New Orleans to LWE for the construction of a parking facility. By its very terms the right of action to recover public funds because of a breach of the fiduciary obligation imposed on the contractor or quasi-public entity, including its officers and directors, rests solely with the public entity which entrusted its funds or property to the contractor or quasi-public entity for a particular purpose.
2) that there is no basis for recovery on the part of the plaintiffs on a theory of misrepresentation. Allegations of negligent dissemination of incorrect information, which is not known by the disseminator to be false, does not give rise to a personal action against a corporate officer or director for the debts of the corporation as it is well recognized that the tort of negligent misrepresentation is not an exception to the general rule that corporate officers are not personally liable for the debts of the corporation. However, detailed allegations that the disseminator was aware of the falsity of the misrepresentation, that it was intended for the party to rely on the misinformation and that the party did rely upon the information to his detriment would give rise to an action against a corporate officer or director because as pointed out in Unimobil 84, Inc. v. Petr L. Spurney, et al., supra, an allegation of intentional misrepresentation is essentially an allegation of fraud and hence is an exception to the general rule.
Under C.C.P. Art. 856 in pleading fraud the circumstances constituting fraud must be alleged with particularity. As pointed out in Fine Iron Works, supra the mere conclusory allegation that the defendants committed "legal fraud" will not suffice. When the District Court ordered Dutton to amend its petition it did so by amending Article 4 to add the names of the 5 employees of LWE who allegedly made the representations, upon which Dutton relied, that Dutton would be paid out of the funds donated by the City of New Orleans. There is no mention in the petition of any misinformation whatsoever, much less intentional misinformation, being disseminated or being caused to be disseminated to *1131 Dutton by the defendants. The liability, if any, for the action of the employees of LWE in disseminating the information rests with LWE and not its officers or directors. Hence, there can be no personal liability on the defendants for the corporate debts under a theory of misrepresentation.
3) that Fine Iron Works, supra, is not distinguishable from the facts of this case merely because the donation in that case occurred subsequent to the execution of the basic contract whereas in the present case the donation by the City of New Orleans was made prior to the execution of the basic contract. While the Court in Fine Iron Works, supra, did mention that Fine Iron could hardly contend that in its contract with LWE the funds from the GTE donation were pledged by LWE and its officers and directors to Fine Iron when the donation by GTE did not take place until a month after the execution of the Fine IronLWE contract, that was not the controlling rationale of the decision. The Court recognized that the controlling element in determining whether a donation creates a fiduciary duty on the part of corporate officers or directors with respect to the establishment of a trust for the benefit of another is not necessarily the time of its inception but is the nature of the rights of the parties established in the creation of the trust. In this connection we find the following language in Fine Iron Works at page 204:
Next, there is no bridge over the gap between LWE's liability to respondent and relators' alleged liability. Even if this contract can be said to have obliged LWE to set aside these particular funds for respondent which was already performing its earlier contract, nothing in the "trust" contract purports to make individual directors and officers "trustees" and there are no factual allegations which would impose on relators some sort of special fiduciary duty to respondent with respect to this "trust" fund in LWE's possession. In the final analysis this so called trust fund was no different than any other funds received by LWE with respect to which relators' duties are spelled out in R.S. 12:226. Respondent's factual allegations do not support a legal conclusion that relators violated this statute.
4) that appellants cannot recover from the defendants on the theory that the defendants committed "legal fraud" by diverting the funds donated by the City of New Orleans to LWE for a purpose other than the parking facility covered by the December 23, 1983 contract between Dutton and LWE. As previously pointed out, the fact that the funds involved in the present case were public funds confers no special status or right on Dutton or Barriere. Both the Fine Iron Works and Unimobil courts were faced with similar allegations of diversion of funds contained in special grants. Unimobil 84, Inc. contracted with LWE to construct and operate a monorail system at the 1984 world Exposition. In the contract LWE agreed to collect and hold as "trustee in trust" 15% of the gross admission revenue for the fulfillment of its obligations and not deem these funds as part of the general assets of LWE. When it did not receive the full amount it was owed, Unimobil sued the officers on much the same theories as the present appellants, including the claim that the officers had breached a fiduciary duty to it by diverting or converting its assets as represented by the 15% of the gross admission revenue to satisfy other debts of LWE. The Court rejected this contention because Unimobil was unable to establish an essential element of a conversion or diversion claim, namely: the ownership of the funds allegedly converted or diverted. Although the contract between Unimobil and LWE did provide that 15% of the admission revenues would not "be deemed part of the assets of LWE" this provision standing alone was held insufficient to vest ownership of the funds in Unimobil. The Court also held that if any fiduciary duty existed at all it existed on the part of LWE alone and not on the part of the individual officers who were not parties to the contract.
*1132 In the present case there is no allegation whatsoever that Dutton and/or Barriere owned the funds donated by the City of New Orleans which they alleged were diverted by the defendants. The donation by the City of New Orleans to LWE makes no mention whatsoever of Dutton or Barriere. There is no contract alleged which undertakes the establishment of any fiduciary duty on the part of LWE, much less the defendant-directors, to Dutton on Barriere with respect to the funds donated by the City of New Orleans. It can hardly be contended by Dutton or Barriere that from the inception of the contract the donated funds were the funds of Dutton and Barriere or there was established a fiduciary relationship between LWE and its officers and directors with respect to the funds when Article 2 of the petition alleges that Article 3, 3.2.1 of the General Conditions of the contract between Dutton and LWE provided that LWE would furnish reasonable evidence that it had made financial arrangements to fulfill its payment obligations and if such reasonable evidence was not furnished, Dutton was not required to perform the work.
As stated previously I find Fine Iron Works, supra and Unimobil 84, Inc., supra, controlling and R.S. 42:1461 inapplicable. I would affirm the dismissal of the action against the defendants.
ARMSTRONG, Judge, dissenting in part.
I agree with the majority opinion that the LSA-R.S. 42:1461 does not provide appellants with a right of action against the officers and directors of LWE for breach of fiduciary duty. I also agree with the majority that appellants failed to state a claim for negligent misrepresentation.
However, I disagree with the majority's opinion that appellants alleged fraud with sufficient particularity. Dutton and Vaughan failed to allege that appellees made "knowing misrepresentations," i.e. there is no allegation that when LWE's employees told Dutton & Vaughan that they would be paid from the dedicated funds that LWE and its officers and directors knew that the funds would not be available to pay Dutton & Vaughan in full.
I do not think that the trial court erred in granting appellees' motion for summary judgment.