11 DREW, J.
This dispute concerns the application of the “no pay, no play” provision in La. R.S. 32:866. Dina Brown complains that the trial court erred in finding her Nissan automobile was uninsured at the time of the accident. For the following reasons, we affirm.
On March 24, 2000, Dina Brown was driving her 1990 Nissan Maxima south on South Grant Street in Monroe, Louisiana, when her vehicle was struck from the rear by a vehicle driven by Floyd Collins, owned by Edward Bryant, and insured by Allstate Indemnity Company. Brown la *72 ter filed suit against Collins, Bryant, and Allstate for damages allegedly suffered in the accident. The defendants’ answer included the affirmative defense that Brown had terminated automobile liability insurance on her Nissan earlier on the very date of the accident, which meant her vehicle was not covered by any motor vehicle liability insurance policy or security. Therefore, under the provisions of La. R.S. 32:866, the defendants alleged that Brown could not recover the first $10,000 of bodily injury and could not collect for the first $10,000 of property damage, as per La. R.S. 32:866(A)(1).
Brown subsequently added U.S. Agencies Casualty Insurance Company, Inc. as a defendant, alleging that her Nissan had been insured by U.S. Agencies, and that on the morning of the accident she had gone to U.S. Agencies not only to have a 1979 Ford Granada added to her policy, but also to have the Nissan deleted from the policy, but with these changes to become effective on April 28, 2000, the anniversary date of her policy. Brown alleged that due to the error, negligence, and omission of U.S. | ¡Agencies in handling her request, and also due to U.S. Agencies providing erroneous information to Allstate, she had suffered damages.
After trial on the merits, the trial court found that Brown had no insurance on her Nissan at the time of the accident, and that Brown’s damages did not exceed the $10,000 recovery restrictions of La. R.S. 32:866. Accordingly, the trial court dismissed Brown’s claims against all the defendants. This appeal followed.
TRIAL EVIDENCE
On the morning of trial, the parties stipulated that the accident in question occurred on March 24, 2000, at approximately 1:20 p.m. Furthermore, they stipulated that Brown’s Nissan was a total loss, and that the vehicle value was $3,771. Certain medical records, statements, and bills were introduced into evidence, and showed that Brown’s medical costs were less than $750. Also introduced into evidence at that time was the declarations page for Brown’s original insurance application with U.S. Agencies for her Nissan. That page indicated the policy period was from 04/29/1999 to 04/28/2000, and that the only vehicle being insured was Brown’s Nissan.
Brown was the first witness to testify. She stated that on the morning of March 24, 2000, she drove her Nissan to the U.S. Agencies office to transfer her insurance from one car to another. She planned on transferring the insurance from the Nissan to a 1979 Ford Granada located at her parents’ house, and the transfer was supposed to occur at “the end of the policy” that expired on April 28, 2000. Brown testified that the Granada | ¡¡was not in operating condition on March 24, 2000, and did not become operable until the latter part of April. The Granada and the Nissan were the only two vehicles she owned, and she testified she did not plan on having the insurance cancelled on the morning of March 24.
On cross-examination, counsel for U.S. Agencies used Brown’s testimony to admit into evidence her original application for insurance showing the Nissan as the only vehicle on which Brown requested insurance. Similarly, the policy declaration sheet showed that Brown had 10/20/10 insurance on the Nissan, that the premium charges were $500.83, and the total amount charged was $638.
A subsequent application for insurance, with an effective date of 3/24/2000 and an expiration date of 4/28/2000, listed only the 1979 Ford Granada as the vehicle upon which insurance was sought. Brown admitted that her initials appeared at the bottom of the page indicating that she had *73 read and agreed to the contents of the application. Brown also was asked to look at the declarations page for the more recent policy which stated that one car was being deleted and another ear added, with the new premium being $648 and the new total payment being $703. The vehicle identification numbers for the deleted vehicle and the added vehicle matched those of the Nissan and the Granada, respectively. The remainder of Brown’s testimony concerned medical treatment.
The next witness was Yolanda Huckleberry, the U.S. Agencies employee who served Ms. Brown on March 24, 2000. Although Huckleberry did not remember Brown, after looking at notes that she typed Linto the U.S. Agencies computer, she testified that she had deleted one car and added another for Brown on March 24, 2000. The notes indicated this action took place at 9:02 a.m., and Huckleberry indicated she thought that the transaction was already completed by that time. On cross-examination, Huckleberry admitted that she did not know why the policy period for the Granada did not go from 3/24/2000 to 3/23/2001, when the $703 total payment was for one year. However, Huckleberry did state that if she endorsed the policy for 3/24/2000, then Brown requested that the change be implemented that date, i.e., that she did not request that Huckleberry wait and add the Granada after the original policy expired.
The next witness was Barbara Lynn, a regional manager for U.S. Agencies who was Huckleberry’s supervisor on 3/24/2000. Lynn testified to her familiarity with the U.S. Agencies policy, and after reviewing the original application for insurance, she indicated the various information supplied by the application, including the effective date of 4/29/1999 and the expiration date of 4/28/2000. In response to a question by the court, she indicated the date of 4/29/1999 was the time the customer came to U.S. Agencies to begin the policy, and that the time of 12:30 that day indicated the time the customer was in the office and the time the policy went into effect.
After thoroughly describing the information listed in the application, Lynn lookéd at the document executed on March 24, 2000, at 8:59 a.m. She indicated that she saw an endorsement of a different vehicle, with Brown’s Nissan replaced by the Granada. According to Lynn, the only car then | .¡covered by U.S. Agencies was the Granada. Lynn also explained the difference in payments, noting that at the time Brown added the Granada to the policy, she had already completed her finance contract on the original policy. Thirty-four days still were left on that contract. When Brown came in to make the change of vehicles, Brown could not finance it because the finance contract was “paid out and closed.” Thus, Brown’s only option was to pay any additional premium in full at that time. In Brown’s case, there was a premium payment of $6.00 made on the morning of 3/24/01, due to the difference in the availability of discounts on the Nissan versus the Granada. Lynn also testified that if both the Nissan and the Granada had been insured under the same policy at the same time, a multiple-vehicle discount would have applied, making the total cost $996 instead of the original $638 for the Nissan alone. If the Nissan had not been deleted from the policy at the time the Granada was added, then the additional cost for the remainder of the term of the policy would have been $40.87.
Rose Noble, who was with Brown on the day of the accident, testified that Brown owned both the Nissan and the Granada on the date of the accident, but the Granada was not working at the time and could not be driven.
*74 At the end of the trial, the trial court concluded that the documented evidence showed the substitution of one vehicle for the other. The court stated that the payment made by Brown was only for the increased cost because of the reductions available on the Nissan that were not available on the Granada. The court also noted that Brown had initialed indicating that |fishe was advised on the policy and that she had read it. Finding that a substitution took place by endorsement, and that the damages did not approach the $10,000 in damages required by La. R.S. 32:866, the court ruled in favor of Allstate. With respect to U.S. Agencies, the court found that Brown had not proven clerical mistakes on the part of U.S. Agencies. Thus, the court also found in favor of U.S. Agencies.
DISCUSSION
The provisions of La. R.S. 32:866(A), (B) and (C) state:
A.(1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
B.Each person who is involved in an accident in which the other motor vehicle was not covered by compulsory motor vehicle liability security and who is found to be liable for damages to the owner or operator of the other motor vehicle may assert as an affirmative defense the limitation of recovery provisions of Subsection A of this Section.
C.If the owner of a motor vehicle, who fails to own or maintain compulsory motor vehicle liability security, institutes an action to recovery damages in any amount, regardless of whether such owner or operator is at fault, and is awarded an amount equal to or less than the minimum amount of compulsory motor vehicle liability security, then such owner or operator shall be assessed and held hable for all court costs incurred by ah parties to the action.
In the instant case, there is no dispute that Brown’s damages did not exceed the $10,000 recovery restrictions under the statute.
On appeal, Brown argues that the purpose of the statute is to penalize persons who intentionally fail to comply with the Compulsory Motor |7Vehide Liability Security Law. Brown argues that the statute should exclude her because she had insurance on the date of the accident, but through a misunderstanding between her and her insurer, liability coverage was prematurely cancelled. She points to the fact that she had recently purchased an inoperable vehicle that would become operable near the expiration of her policy, and argues that it would not be reasonable for her to purchase liability insurance on a vehicle that was inoperable.
While we agree that the purpose of the statute, also known as the “no pay, no play” statute, is to discourage the operation of uninsured vehicles, we do not agree that application of the statute requires examination of the intent of the would-be insured, certainly not where the documentation is clear. Recovery limitations apply to an owner or operator of a motor vehicle involved in an accident who fails to own or maintain compulsory motor vehicle liability security on the vehicle involved in the accident. La. R.S. S2:866(B). Thus, the only question for purposes of statutory applica *75 tion is whether or not Brown’s Nissan was covered at the time of the accident. The trial court found that it was not.
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, and where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Cole v. Department of Public Safety, 2001-2123 (La.9/4/02), 825 So.2d 1134; Stobart v. State of Louisiana, 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the |sfact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Cole, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the case at bar, we find that the trial court’s view of the evidence was reasonable. No manifest error exists in the trial court’s conclusion on coverage. Both the documentary evidence and the testimony of the employees of the U.S. Agencies established that Brown’s Nissan was removed from coverage under the policy, while Brown’s Granada was substituted for it on the very morning before the accident occurred. Brown’s application for insurance on the Granada clearly states that the effective date was 3/24/2000 and not 4/28/2000, the expiration date of the original term. Furthermore, Brown clearly had the opportunity to read the application as evidenced by her initials next to four statements on the application concerning ownership, vehicle usage, special equipment, and the reading of her policy.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby affirmed at Dina Brown’s cost, as per La. R.S. 32:866(C).
AFFIRMED.
BROWN, C.J., concurs.