906 So.2d 601 (2005)
Thomas OSBORNE
v.
JAG CONSTRUCTION SERVICES, INC., John Doe, ABC Insurance Company.
No. 2004 CA 0437.
Court of Appeal of Louisiana, First Circuit.
February 16, 2005.
Writ Denied May 6, 2005.
*602 Richard J Guidry, Baton Rouge, La., Counsel for Plaintiffs/Appellants Christopher Osborne, John Osborne and Cynthia Osborne Rivette.
Travis R. LeBleu, Baton Rouge, La. Counsel for Intervenor/Appellee LA Workers' Comp. Corp.
Peter J. Wanek, Metairie, Counsel for Defendants/Appellees JAG Construction, Baker Hughes, Edwin Ray, Sr. and Clarendon Insurance Company.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
DOWNING, J.
This matter arises from an accident that injured a temporary laborer who was unloading a barge at a dock facility in Morgan City. The trial court granted defendants' motions for summary judgment dismissing plaintiffs' suit on the basis that plaintiff was a borrowed employee whose sole remedy was workers' compensation. From that judgment, plaintiff appealed.
The narrow issue presented for review is whether the trial court erred in determining that plaintiff's recovery is limited to workers' compensation.
Plaintiff first argues that he is entitled to sue in tort because the 1984 amendment to 33 U.S.C. § 901, et seq., the Longshore & Harbor Workers Compensation Act, (LHWCA), abrogated the borrowed-employee doctrine. Plaintiff next argues that summary judgment was not appropriate because there were genuine issues of material fact as to whether he met the borrowed employee criteria.
First, it is well settled that the LHWCA did not abrogate the doctrine of workers' compensation with the 1984 amendments. The U.S. Fifth Circuit Court of Appeals made it clear that the LHWCA Acts 1984 [33 U.S.C.A. § 904(a)] did not abolish the borrowed-employee doctrine. West v. Kerr-McGee Corporation, 765 F.2d 526, 529 (5th Cir.1985). This issue was discussed in depth in Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, pp. 7-8 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4-5. This Court explained how the U.S. Fifth Circuit in Brown v. Union Oil Company of California, 984 F.2d 674 (5th Cir.1993), enumerated nine factors to assess in determining whether an employee will be considered a *603 borrowed employee of another. Id. These factors include: (1) who had control of the employee, (2) whose work was being performed, (3) was there an understanding between the two employers, (4) did the employee acquiesce in the work, (5) did the original employer terminate his relationship with the employee, (6) who furnished the tools, (7) was the new employment over a considerable length of time, (8) who had the right to discharge the employee, and (9) who had the obligation to pay the employee. Id.
The defendants contend that whether the LHWCA abrogated the doctrine of workers compensation is not an issue because the plaintiff was working for a temporary employment agency and was not a sub-contractor in the maritime industry. Defendants argue that the plaintiff's recovery is limited to compensation under the Louisiana Workers' Compensation Act (LWCA), (LSA-R.S. 23:1021, et seq.), which provides that, except for intentional acts, an injured worker is limited to workers compensation.
We do not decide here whether the LHWCA or the LWCA applies to this plaintiff. The trial court's written reasons merely state that plaintiff is not entitled to sue the contractor in tort. It did not articulate its evaluation of the enumerated factors to determine whether plaintiff was a borrowed-employee under the LHWCA or the LWCA. However, our review of the record confirms that the trial court came to the correct result and plaintiff cannot bring a tort action against the contractor. Plaintiff was hired by a temporary employment agency to perform day labor for a construction company to unload barges. He had only been on the job a little over three hours when the accident occurred. There is no evidence that the injury occurred from an intentional act. It was undisputed that the temporary agency and the construction company had an agreement that included both wages and workers' compensation insurance. Plaintiff was aware of the situation and acquiesced in the work.
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admission on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Henderson v. Kingpin Development Co., 01-2115, p. 4 (La.App. 1 Cir. 8/6/03), 859 So.2d 122, 126.
We have thoroughly reviewed the evidence in the record and agree that as a matter of law, plaintiff's sole remedy is limited to workers' compensation. Accordingly, summary judgment was appropriate. The issue of whether the workers' compensation action should proceed under the LHWCA or under Louisiana workers' compensation law is not before us; accordingly, we decline to address this aspect of the litigation.
We therefore affirm the trial court's judgment in accordance with Uniform Rules Courts of Appeal, Rule 2-16.1 B and assess all appeal costs to appellant, Thomas Osborne.
AFFIRMED.