DOWNING, J.
| ¡Aaron Keith Ainsworth[1] appeals a summary judgment entered against him and in favor of State Farm Mutual Automobile Insurance Company (State Farm). Ainsworth was injured in an automobile accident allegedly caused by Anthony Alawy, son of Katy Blythe.[2] This appeal addresses whether issues of genuine fact exist regarding whether Ms. Blythe had obtained insurance coverage on the automobile her son was driving at the time of the accident. Concluding that genuine issues of material fact remain, we reverse the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On May 17, 2001, Ms. Blythe bought a 1992 Camaro for her son to use. That same day she contacted her State Farm agent to inform him that she had purchased the automobile and would need coverage. She and her husband had two other automobiles insured with State Farm. Under the terms of the policies covering those automobiles, the Camaro was covered for thirty days from the date it was purchased. The policies on the other two vehicles were to expire July 12, 2001.
Ms. Blythe’s agent’s assistant sent a bill and UM election form that day stating a premium of $379.16. She sent another bill on June 8 indicating that $565.75 was due. On June 20, the assistant telephoned Ms. Blythe and informed her that the premium was due. Ms. Blythe informed her that the payment would be sent that day. That same day she had her husband transfer $500.00 to State Farm electronically through an online account they had set up to pay premiums on one of the other cars they owned and on which a premium notice had also been sent. State Farm does not dispute ^receipt of this payment but does dispute that it should be imputed to the Camaro.
On July 11, the State Farm agent contacted Mr. Blythe and informed him that the Camaro was not covered and that payment was necessary. Mr. Blythe stated he did not know the Camaro was not covered *676 but he agreed to pay in two days on his payday.
On July 11, 2001, Ainsworth was injured in an accident with Ms. Blythe’s son. After Ainsworth filed suit, State Farm filed a motion for summary judgment alleging that it afforded no coverage for the 1992 Camaro at the time of the accident. The trial court granted summary judgment in State Farm’s favor and dismissed Ains-worth’s claims with prejudice. Ainsworth appeals, asserting one assignment of error: “The trial court erred in granting State Farm’s motion for summary judgment as genuine issues of material fact remain in dispute.”
DISCUSSION
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Osborne v. JAG Const. Services, Inc., 04-0437, p. 4 (La.App. 1 Cir. 2/16/05), 906 So.2d 601, 603, unit denied, 05-0739 (La.5/6/05), 901 So.2d 1101.
The issues before us concern the electronic payment Mr. Blythe made on June 20, 2001. Ainsworth asserts that questions of material fact remain regarding whether these payments should have been imputed to the premium |4for the Camaro that was past due rather than to the premium for the other two automobiles that was not yet due. Ainsworth further argues that questions of fact remain as to whether the June 20 payment was sufficient to ensure coverage for the Camaro. We agree.
In pertinent part, La. C.C. art. 1864 provides that “[t]he obligor’s intent to pay a certain debt may be expressed at the time of payment or may be inferred from circumstances known to the obligee.” See also Lone Star Industries, Inc. v. American Chemical, Inc., 480 So.2d 730, 731 (La.1986). The Blythes assert that they intended the June 20 payment to be imputed to the Camaro. Here, the obligee, State Farm, knew on June 20, 2001 that Blythe’s payment on the Camaro was past due, that Ms. Blythe promised to arrange payment that day and that a payment was made that day. It knew that payment on the other vehicle would not be past due until after July 12. The issue of intent to impute must be decided “on the basis of the traditional test of reasonable men and reasonable minds.” Ford Motor Credit Co. v. Hogg, 351 So.2d 1324, 1326 (La.App. 2 Cir.1977). Further, as our brethren on the Third Circuit stated in a somewhat different context regarding imputation of payment where a client maintains two or more accounts:
[W]e feel that the insurer who knows that the plaintiff is covered under two separate policies issued by it, and is paying under both of the policies at the same time, is held responsible for making sure its internal administrative personnel pay under both policies according to their terms.
Wiley v. Louisiana & Southern Life Ins. Co., 302 So.2d 704, 710 (La.App. 3 Cir. 1974).
State Farm cites Brown v. Allstate Ins. Co., 37,151 (La.App. 2 Cir. 5/14/03), 847 So.2d 70, for the proposition that it is unnecessary to determine the Blythe’s intent to impute the $500.00 premium payment. It appears that State Farm misapprehends the holding in Brown, where the *677 | RSecond Circuit concluded that it could not reverse a trial court’s factual finding absent manifest error. Id. at p. 7, 847 So.2d at 74-75. Brown addressed whether an automobile was covered under the “no pay, no play” statute, La. R.S. 32:866 B, at the time of an accident. The plaintiff had made a substitution by endorsement, transferring coverage from one vehicle to another, in which she initialed a provision stating that she was advised of the policy and that she had read it. Id. at pp. 5-6, 847 So.2d at 74. The court noted, “the only question for purposes of statutory application is whether or not [plaintiffs automobile] was covered at the time of [t]he accident,” and “the trial court found that it was not.” Id. at p. 7, 847 So.2d at 74-75. The plaintiffs intent was not pertinent to “application of the statute.” Id. at p. 7, 847 So.2d at 74.
On review of summary judgment, we are not bound the trial court’s findings. Rather, we are to conduct a de novo review. Osborne, 04-0437 at p. 4, 906 So.2d at 603. In the matter before us, we have concluded that a genuine issue of material fact remains concerning whether the Blythe’s Camaro was covered by insurance on the date of the accident. More specifically, we conclude, despite State Farm’s arguments, that a genuine issue of material fact exists concerning whether the June 20, 2001 electronic payment should have been imputed to the Camaro.
Even so, State Farm next argues that since the payment of $500.00 did not fully pay the amount due on the Camaro, or $565.75, the Blythes failed to comply with the requirements to provide coverage. Evidence in the record suggests, however, that State Farm had been accepting erratic partial payments from the Blythes for approximately six years. State Farm’s counsel acknowledged this evidence before the trial court as follows:
Trial court: Were these payments — Everybody is saying five hundred dollars. Did they just send State Farm five hundred dollars |fiwhen they wanted to, or did they send them the amount of the premium? Was it a specific amount?
Counsel: It appears, Your Honor, that according to the Blythes, and even according to State Farm on the payment history ...
Accordingly, we conclude from the evidence in the record that a question of fact remains regarding whether the payment of $500.00 on June 20, 2001 was sufficient to bind coverage for the Camaro.
State Farm next argues that the Blythes never signed and returned the UM waiver. Therefore, it argues, the Blythes failed to comply with a condition necessary to bind coverage. Nothing in the documentation before us, or in the law, appears to require a UM election form be returned to State Farm before coverage can be provided. The only evidence supporting State Farm’s contention is the affidavit of the agent’s assistant, which states that she told the Blythes it was necessary to return the signed form. Clearly, a genuine issue of material fact remains as to whether coverage for the Camaro depended on return of a signed UM form.
Accordingly, we agree with Ainsworth that genuine issues of material fact remain regarding the nature and efficacy of the June 20 payment. Accordingly, we reverse the judgment of the trial court granting summary judgment in favor of State Farm.
DECREE
For the foregoing reasons, we reverse the summary judgment of the trial court that granted judgment in favor of State Farm and dismissed the Ainsworths’ *678 claims. Costs of this appeal are assessed against State Farm Mutual Automobile Insurance Co.
REVERSED.

. Aaron Keith Ainsworth's wife, Lisa Gayle Ainsworth, is also a party plaintiff in this action.

. The briefs inform us that a bankruptcy stay order precludes Ainsworth from currently proceeding against Ms. Blythe in this action in which she is also named as a defendant, individually and on behalf of her son.