887 So.2d 506 (2004)
Ann GRAVES and Christy Graves as Executrixes of the Succession of Emory Lea Graves, Sr.
v.
GARDEN STATE LIFE INSURANCE.
Garden State Life Insurance
v.
Ann Elizabeth Graves, as Executrix of the Succession of Emory Lea Graves, Sr. and Julie Esther Kennedy Fagan. As Executrix of the Succession of Sylvia Antonia Kennedy-Graves.
No. 2003 CA 2208, 2003 CA 2209.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*507 Raymond C. Burkart, Jr., Covington, Counsel for Plaintiffs/Appellees Ann Graves and Christy Graves.
J. Jackson Stamps, Thomas E. Schafer, III, Slidell, Counsel for Defendant/Appellant Julie Kennedy-Fagan.
B. Aven Bruser, Counsel for Defendant Garden State Life Insurance Co.
B. Aven Bruser, New Orleans, Counsel for Plaintiff/Appellee Garden State Life Insurance Co.
Raymond C. Burkart, Jr., Covington, Counsel for Defendant Ann Graves.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
DOWNING, J.
This is a dispute over who is entitled to the proceeds of a fifty thousand dollar life insurance policy after the designated beneficiary died at the hands of the insured who then killed himself. Julie Fagan, daughter of the deceased, Sylvia Graves, appeals the granting of a partial summary judgment in favor of Christy and Ann Graves, daughters of Sylvia's husband, Emory Lea Graves. The trial court decided that although Sylvia was the primary beneficiary on the policy, the proceeds go to her husband's estate since she predeceased him. The trial court entered partial summary judgment accordingly and certified the judgment as final.

DISCUSSION
Initially, we must determine that we have jurisdiction over this partial final summary judgment. The trial court designated this partial summary judgment as final, "determining that no just reason exist (sic) for delaying an appeal; and that granting an appeal will promote judicial economy and fundamental fairness." The trial court did not provide reasons for making this determination. Even so, while written or oral reasons are desirable, *508 the failure to give reasons is not a jurisdictional defect. When reasons are lacking, the appellate court is to conduct a de novo review to determine whether a partial judgment is final. Motorola, Inc. v. Associated Indemnity Corp., 02-1351, p. 16 (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 732.
On de novo review we conclude that where there is an issue of insurance policy interpretation that results in the dismissal of the insurer and where the remaining issues of the case do not involve the insurer, then no just reason to delay the appeal exists. Accordingly, this court has jurisdiction to hear this appeal and this appeal is properly before us.
Fagan's sole assignment of error is that the trial court erred in granting the partial summary judgment. She argues that the trial court incorrectly decided that the Estate of Emory Graves was entitled to life insurance proceeds under La. R.S. 22:613 when insurance proceeds cannot be paid to one found judicially responsible for the insured's death.
Louisiana Revised Statute 22:613(D) reads in part:
(1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits thereunder accruing upon the death, disablement, or injury of the individual insured when said beneficiary, assignee, or other payee is:
(a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured; or
(b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

(2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified, or, if no secondary or contingent beneficiary exists, to the estate of the insured. (Emphasis added.)
We disagree with Ms. Fagan's suggested application of La.R.S. 22:613(D). The intentional act exclusion in this statute specifically addresses intentional acts resulting in the death, disablement or injury of the insured. This act does not address any consequences to the death, disablement or injury to the beneficiary. Nor does any other law that we can find. Therefore, the statute does not apply to this situation.
Further, proceeds from a life insurance policy do not come into existence during the lifetime of the insured. Kambur v. Kambur, 94-775, p. 6 (La.App. 5 Cir. 3/1/95), 652 So.2d 99, 103. Thus, Mr. Graves did not benefit from the proceeds of the policy.
Fagan also argues that under La.C.C. art. 2338, a policy taken out during marriage is community property. While this may be a correct statement of law, and the policy itself may have been community property, the proceeds from that policy do not form any part of the insured's estate at his death. T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834, 845 (La.1975). In Louisiana, life insurance proceeds are treated as sui generis. Id. The proceeds do not come into existence during the insured's life, never belong to the insured, and pass by virtue of contractual agreement between the insured and insurer to the named beneficiary. Id. at 847. Life insurance proceeds, therefore, are not subject to community property claims. Id.
*509 In this case, the policy prescribes what will occur if the beneficiary dies before the insured. The policy clearly states that "[T]he interest of any Beneficiary who dies at the time of, or within 30 days after, the Insured's death will also terminate if no proceeds have been paid to the Beneficiary." And "any proceeds payable will be paid to the executor or administrator of the Owner."
Interpretation of an insurance contract is usually a legal question that can be properly resolved on a motion for summary judgment. Madden v. Bourgeois, 95-2354, p. 3 (La.App. 1 Cir. 6/28/96), 676 So.2d 790, 792. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Gaylord Chemical Corp. v. ProPump, Inc., 98-2367, pp. 3-4 (La.App. 1 Cir. 2/18/00), 753 So.2d 349, 352. Reading the policy, there is no reasonable way to interpret the policy language to afford Julie Fagan the relief that she requests. Under the terms of the policy, the estate of Emory Lea Graves is the lawful beneficiary of the policy. Therefore, there is no question of fact or law under the terms of the policy itself that prohibits summary judgment in favor of the Graveses.
Louisiana Code of Civil Procedure article 966(B) provides that the mover is entitled to summary judgment if he can show there is no genuine issue of material and that he is entitled to judgment as a matter of law. In the matter before us there are no issues of fact and the only issue before us involves questions of law. Neither La.R.S. 22:613(D) nor the policy prevent the estate of the insured from receiving the proceeds of the policy; nor does the community have a claim on the proceeds. Accordingly, partial summary judgment was appropriate.

DECREE
We affirm the trial court's judgment and assess all appeal costs to appellant, Julie Esther Kennedy-Fagan, as executrix of the Succession of Sylvia Antonia Kennedy-Graves.
AFFIRMED.