922 So.2d 608 (2005)
Margaret L. BONIN
v.
COURNOYER-BUICK-PONTIAC-GMC, INC.
No. 2005 CA 0171.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
Rehearing Denied February 22, 2006.
*609 Joseph L. Waitz, Carlos E. Lazarus, Jr., Houma, Counsel for Plaintiff/Appellant Margaret L. Bonin.
Sidney C. Sundbery, Houma, Counsel for Defendant/Appellee Cournoyer-Buick-Pontiac-GMC, Inc.
Nancy B. Gilbert, Baton Rouge, Counsel for Defendant/Appellee Federal Insurance Company.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
Margaret L. Bonin appeals a judgment maintaining the appellee, Federal Insurance Company's (Federal's), cross-motion for summary judgment. In rendering judgment, the trial court considered issues of insurance policy interpretation. Pertinently, the trial court ruled that the umbrella liability coverage afforded under the Federal policy at issue was inapplicable under the policy's terms. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
This litigation arises from an accident in June 1998 at an auto dealership owned by Federal's insured, Cournoyer-Buick-Pontiac-GMC, Inc. (Cournoyer). Ms. Bonin was a customer and she tripped over a chair in the hallway. She allegedly injured her neck, back, arms, and hands. She filed suit claiming Cournoyer's negligence caused her injuries.
At the time of the accident, Cournoyer held insurance policies with Legion Indemnity Company (Legion) and Federal. Legion's policy was the primary carrier or "garage policy" with a one million dollar ($1,000,000.00) limit of liability. It is undisputed that the accident was covered under Legion's policy. Federal's policy afforded excess and umbrella coverage.
After issuing its policy, Legion went bankrupt or otherwise became insolvent. The parties then learned that Legion was not authorized to do business in Louisiana and that, therefore, the Louisiana Insurance Guaranty Association (LIGA) did not afford benefits.
Accordingly, Ms. Bonin seeks insurance coverage under Federal's umbrella provisions, Coverage B; Federal disputes such coverage. Ms. Bonin and Federal filed cross-motions for summary judgment. The trial court ruled in favor of Federal, decreeing that the terms of Federal's policy did not afford umbrella coverage for Ms. Bonin's accident. The judgment was certified as final pursuant to La. C.C.P. art. 1915 B(1).
Ms. Bonin appeals asserting one assignment of error, that the trial court erred in granting Federal's motion for summary judgment and finding Federal's umbrella policy inapplicable to the accident at issue.

*610 DISCUSSION
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Osborne v. JAG Const. Services, Inc., 04-0437, p. 4 (La.App. 1 Cir. 2/16/05), 906 So.2d 601, 603, writ denied, 05-0739 (La.5/6/05), 901 So.2d 1101. Further, interpretation of an insurance contract is usually a legal question that can be properly resolved on a motion for summary judgment. Graves v. Garden State Life Ins., 03-2208, p. 3 (La.App. 1 Cir. 9/17/04), 887 So.2d 506, 509. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Id.
Here, Ms. Bonin argues that the following provision in the Coverage B  Umbrella Liability Insurance section of the Federal policy is subject to a reasonable interpretation under which coverage could be afforded:
We will pay such damages in excess of the Retained Limit Aggregate specified in Item 4d of the Declarations or the amount payable by other insurance,[1] whichever is greater.
The Retained Limit Aggregate specified in Item 4d of the declarations is zero ($0.00). Thus, Ms. Bonin argues that her damages are in excess of zero ($0.00) and her damages should be covered under Coverage B.
Ms. Bonin cites Freeman v. Philan, 32,685 (La.App. 2 Cir. 10/9/03), 859 So.2d 821, writs denied, 03-3098, 03-3213, 03-3385 (La.2/6/04), 865 So.2d 723, 728, 735, which construed somewhat similar language to be more than an umbrella policy in that the insurer "would be responsible for the loss in excess of the retained limit." Id., 32,685 at p. 4, 859 So.2d at 824. The Freeman court found the policy to be unclear, ambiguous, and insufficiently limited to create mutually exclusive categories of coverage. Id., 32,685 at pp. 6-7, 859 So.2d at 825.
The Federal policy at issue before us, however, is distinctly different from the one considered in Freeman. The Federal Policy clearly establishes two coverages: Coverage A  Excess Follow Form Liability Insurance and Coverage B  Umbrella Liability Insurance.[2] Further, Coverage B is limited as follows:
Coverage B will not apply to any loss, claim or suit for which insurance is afforded under underlying insurance or would have been afforded except for the exhaustion of the limits of insurance of underlying insurance. (Emphasis added.)
*611 No such limitation appears as a consideration in the Freeman decision.
We conclude that the policy at issue unambiguously and carefully crafts two mutually exclusive coverages, excess liability coverage and umbrella coverage. The policy uses separate insuring agreements to establish these. Further, interpreting the policy as a whole, we conclude that the unambiguous language under Coverage B precludes coverage where coverage is afforded by an underlying policy, even if uncollectible.[3] Coverage B obligates Federal to pay damages from dollar zero for losses, claims, or suits not afforded coverage under the underlying policy. It is undisputed that Ms. Bonin's claims were afforded coverage by the underlying policy. Therefore, no coverage is afforded under Coverage B.
Accordingly, we conclude that Ms. Bonin fails to offer, nor can we make, a reasonable interpretation of the policy, when applied to facts and evidence herein, under which coverage could be afforded. The trial court did not err in granting summary judgment in favor of Federal. Finding no merit in Ms. Bonin's assignment of error, we affirm the judgment of the trial court.
We issue this memorandum opinion in accordance with Uniform Court of Appeal Rule 2-16.1B. We assess costs of this appeal to Ms. Margaret L. Bonin.
AFFIRMED.
CARTER, J., dissents with reasons.
CARTER, C.J., Dissenting.
I respectfully dissent. I would find coverage under the rationale expressed in Freeman v. Philan, 32,685 (La.App. 2 Cir. 10/9/03), 859 So.2d 821, 825, writs denied, 03-3098, 03-3213, 03-3385 (La.2/6/04), 865 So.2d 723, 728, 735. In my opinion, Federal's liability attached at the retained limit of zero under the umbrella coverage of the policy.
NOTES
[1] "Other insurance" is specifically defined in the policy as not including the underlying insurance.
[2] The Introduction to the policy explains in pertinent part as follows:

This liability insurance policy features two insuring agreements:
A. Excess Follow Form Liability coverage; and
B. Umbrella Liability coverage.
Excess Follow Form Liability adds excess limits over scheduled underlying coverage. Umbrella Liability adds a broadening measure of coverage against many of the gaps in and between the underlying coverages.
[3] That a policy affords coverage does not imply that the insurance is collectible. See Kelly v. Weil, 563 So.2d 221 (La.1990) where the supreme court distinguished the terms "covered" and "collectible." The court stated that "covered" refers to "policies owned by the insured that include the risk in question regardless of those policies' collectibility." Id., 563 So.2d at 225. Accordingly, the insolvency of the underlying insurer, Legion, does not catalyze coverage under Coverage B.